## CLARK v. CONNOR.

1. **Evidence:** UNRECORDED DEED. The fact that a deed is not recorded does not render it inadmissible for the purpose of proving title, in an action of right.

2. **Acknowledgment:** BY ATTORNEY. It seems that an acknowledgment of a deed by an attorney in fact, as such, purporting to be the voluntary act and deed of his principal, is in conformity with section 2252 of the Revision; but if it were not, it being in substantial conformity with the statute, would be cured by the subsequent section (§ 2253).

3. **Practice:** GENERAL OBJECTION TO EVIDENCE. The action of the District Court, in overruling a general objection to the admission of evidence, or where the record fails to show the ground of objection, will not be reviewed by the Supreme Court.

4. —— But its ruling *sustaining* a general objection, made by the successful party, to the admission of evidence, *will be* reviewed, and if no legal or possible ground appears upon which the ruling of the court below can be sustained, a reversal will follow.

5. **Tax deed:** EVIDENCE. A tax deed executed under the code of 1851, which is regular in form, is presumptive evidence of the regularity of all prior proceedings, and is, therefore, admissible in the first instance for the purpose of showing title in an action of right.

6. —— TAX DEED FORECLOSURE JUDGMENT. So, too, the judgment of foreclosure of the tax deed is likewise admissible for the same purpose, in connection with the deed, when such judgment is regular upon its face, and contains a statement of findings by the court, showing its jurisdiction; though it might afterward be shown that the court in fact had no jurisdiction, and that the judgment, therefore, was void.

7. —— PARTIES TO FORECLOSURE: UNRECORDED CONVEYANCE. To give the court jurisdiction under the Code of 1851, to render a judgment or decree, foreclosing the tax deed and quieting the title in the tax purchaser, it was not necessary to make one a party to such foreclosure proceeding, who had purchased the land prior to the commencement thereof from the owner, but had failed to place his deed upon record. The same rule obtains as in the foreclosure of mortgages, which requires only those to be made parties or served with notice who have *recorded* liens upon the premises.

*Appeal from Johnson District Court.*

FRIDAY, DECEMBER 10.

ACTION for the recovery of real property. Each party claimed to be the absolute owner of the land. Verdict and judgment for plaintiff. The defendant appeals.

*Charles Baker* for the appellant.

*Fairall & Boal* for the appellee.

COLE, J. — I. It was conceded by the parties that Spencer Moore was the original grantee from the govern-

1. EVIDENCE: unrecorded deed. ment of the land in controversy. The plaintiff, to maintain his action, offered in evidence a power of attorney made by Spencer Moore to Walter Camp, authorizing him to sell and convey the land, of date May 15th, 1867, duly acknowledged; and also a deed for the land, made by Spencer Moore by Walter Camp, his attorney in fact, to Florence McGillicuddy, of date August 27th, 1857. This deed was acknowledged by Walter Camp, as attorney in fact, etc., before a notary public, to whom he was personally known, to be the voluntary act and deed of Spencer Moore. The defendant objected, because the instruments were not recorded, and because the deed was not properly acknowledged; these objections were overruled, and this is the first error assigned.

The instruments were valid between the parties, and, being otherwise regular, would pass the title, whether recorded or not. That they were not recorded, could not, therefore, affect their competency as evidence; they were admissible as evidence, tending to show plaintiff's title, although subsequent proof might show that title to be lost, as against a subsequent purchaser or others, by reason of failure to record the instrument.

As to the acknowledgment by the attorney in fact of the grantor, it seems to be formal and regular, according
2. ACKNOWL-
EDGMENT:
by attorney. to the provisions of the Revision, section 2252; and in any event, whether in due form or not, it being substantially correct, is cured by Revision, section 2253. There was no error in admitting them.

II. The plaintiff next offered in evidence a deed made by Florence McGillicuddy to himself, of date March 27th, 1868, which was duly acknowledged, but not recorded. The same objection as first above considered was made by the defendant, and overruled by the court; rightly so for the reasons just stated. The plaintiff then proved the rental value of the land, and rested.

III. The defendant, to maintain his title, then offered in evidence a tax deed for the land, in the then usual form, made by the treasurer of Johnson county, to Le Grand Byington, of date May 29th, 1857, purporting to be made for the delinquent taxes of 1856; and also offered as evidence, in connection therewith, the record of a judgment of tax foreclosure under said deed, rendered by the District Court of Johnson county, on the 5th day of February, 1859, in an action brought therefor by Le Grand Byington against Spencer Moore. The judgment record contained a statement of the finding by the court, that "the defendant had been duly notified of the pendency of this suit, by publication according to law; and that his place of residence is unknown to said plaintiff, and could not by reasonable diligence be ascertained," etc.; and also contained a statement of other facts necessary to authorize the foreclosure as ordered. To "each of which the plaintiff objected; the court sustained said objection, and refused to permit either said deed or record entry to be read in evidence; to which ruling the defendant excepted." This ruling is now assigned as error.

VOL. XXVIII.— 40

But it is first insisted here by the appellee's counsel, that this court will not pass upon the question sought to be made by appellant's counsel, because the record or bill of exceptions does not disclose the ground of objection made and sustained by the court. We first turn our attention to this point of practice. Where the party appealing to this court has made a general objection, or where the record fails to show the ground of objection to the admission of evidence, and the objection is overruled, he cannot have the benefit of a reviewal of such ruling, in this court. . And this, for the plain reason that this court, as to such questions in a law case, sits, as a court for the correction of errors ' at law (Const. art. 5, § 4), and not for the purpose of trying the cause *de novo*, and hence can only pass upon the questions made in and passed upon by the court below. And where the record does not show what objection was made, or what question was passed upon by the court below, this court cannot properly reverse its action. See Rev. § 3107, *Gelpecke, etc.,* v. *Lovell,* 18 Iowa, 18, and cases cited; *Carleton* v. *Byington,* id. 483; *Kenyon* v. *Palmer,* 20 id. 141; *Childs* v. *McChesney,* id. 431; *Davidson* v. *Smith,* id. 466, and other cases. But where the prevailing or successful party — the appellee — makes a general objection which is sustained by the court, then if the appellant can show in this court that there could be no legal or possible ground upon which the ruling of the court below can be sustained, the appellant will be entitled to a reversal of the judgment, since there must have been an error of law in sustaining the objection; and in thus reviewing the whole ground we must pass upon the precise question passed upon by the court below. Whereas, if the party, objecting generally, had argued an insufficient ground, and the same was overruled by the court, to allow him, on appeal, to argue and rely upon another and sufficient

*Marginal note:* 3. PRACTICE: general objection to evidence

Clark v. Connor.

ground would be to decide the objection upon a point not made or decided by the court below,— a course unjust to the *nisi prius* court and the party, as well as violative of the Constitution and law. Any other holding than that an unsuccessful party might assign error upon a ruling adverse to him sustaining a general objection to his evidence, would place it in the power of a party, by a general objection, to defeat his opponent of any benefit by an appeal. The point of practice made by the appellee's counsel is, therefore, not well taken.

5. TAX DEED: evidence. The tax deed, being regular in form, was itself "presumptive evidence of all prior proceedings" (Code of 1851, § 503), and was, therefore, competent evidence.

6. —— tax deed foreclosure judgment. But it was offered in connection with the judgment of foreclosure, rendered February 5, 1859, in the case of Le Grand Byington against Spencer Moore; which case was instituted on the 22d day of June, 1868, for the purpose of foreclosing the equity or interest of the owner of the original title in and to the land, pursuant to statute. See Code of 1851, § 505, *et seq*. This foreclosure was then requisite in order to vest a perfect title in the tax purchaser and grantee. This judgment, being regular upon its face, and containing statements of findings by the court, showing its jurisdiction, was also admissible in evidence, although it should afterward be shown that it was void for the want of jurisdiction in the court, either as to the parties or subject-matter, to render it.

7. —— parties to foreclosure: unrecorded conveyance. But it is claimed that the evidence already introduced by the plaintiff did show such want of jurisdiction, for that it appeared therefrom, that, prior to the commencement of the suit for foreclosure against Spencer Moore, to wit, on August 27, 1857, the said Spencer Moore had conveyed his

interest and the fee title to Florence McGillicuddy, who thereby became the owner and a necessary party to the foreclosure suit, in order to give the court jurisdiction to foreclose the tax deed and quiet the title in the tax purchaser. If the deed from Moore to McGillicuddy had been duly recorded prior to the commencement of the foreclosure suit, this claim of the plaintiff would have been sustained. See *Bleidorn* v. *Abel*, 6 Iowa, 13, *et seq.;* *Veach* v. *Shaup*, 3 id. 194; *Byington* v. *Ryder*, 9 id. 566.

But, in this case, the deed from Spencer Moore to Florence McGillicuddy was not recorded, either at the commencement of the foreclosure suit or at the time of the rendition of the judgment, nor even up to the trial of this cause. It seems to us, both upon principle and the theory of our registry laws, that the purchaser of real estate, in order to protect himself against the subsequent alienation of his grantor, whether voluntary or involuntary, as by execution sale or judgment in equity, must either have his conveyance recorded or show notice of it to the subsequent alienee. And, further, the sections of the Code of 1851, being sections 506, *et seq.*, under which the tax foreclosure proceedings were had (repealed by act of March 23, 1858), provided that the tax purchaser should "file his petition in the district court, as in a case of a foreclosure of a mortgage, * * * in which action the notice to the party and the service are to be the same as in the case of a mortgage;" and, turning to section 2073 of the Code of 1851, we find that the notice in a mortgage foreclosure "must be served on the mortgagor and upon all persons having *recorded* liens upon the same property," etc. Hence, we conclude that the tax foreclosure judgment was not void, for the reason that Spencer Moore, the defendant therein, had aliened the property to another, whose deed was not recorded when the judgment was rendered, and

that the judgment record should not have been excluded for this reason.

It appears from the bill of exceptions in the case, that the plaintiff, also, introduced certain parts or portions of the tax foreclosure proceedings, but there is nothing to show that they were all introduced. If it should be conceded, which we do not pass upon, that the proof or affidavit in the tax foreclosure proceedings that defendant's residence was unknown, etc., was insufficient, either in matter, or time of making, or filing it, or otherwise, we could not hold the judgment void, for the reason that the whole record of those proceedings is not before us, and, for aught we can know, the missing or unintroduced portions of the record may contain proof quite sufficient to make the judgment valid. And so of other portions.

For the reason that the court erred in excluding the tax deed and record of judgment of the tax foreclosure, etc., the judgment of the District Court must be

Reversed.