ENGLEKEN v. WEBBER ET AL.

1. **Practice in the Supreme Court:** APPEAL: CO-DEFENDANT. Where notice of appeal by one defendant is served upon a co-defendant he will be held to have joined in the appeal, unless he appears and declines to do so.

2. **Intoxicating Liquors:** RECOVERY OF DAMAGES BY WIFE: EVIDENCE. A judgment obtained by the wife for injury to her means of support by the sale of intoxicating liquors is admissible in an action against another party for injuries accruing during the same period, for the purpose of showing the actual extent of the wrong done by defendant. BECK and ADAMS, JJ., *dissenting.*

3. ———: ———: LIEN. Where a judgment obtained for damages caused by the illegal sale of intoxicating liquors is made a lien upon premises occupied in part as a homestead, it is the duty of the court to ascertain and fix specifically the part of the property to which the lien attaches.

*Appeal from Jackson Circuit Court.*

SATURDAY, DECEMBER 15.

THIS action was originally commenced against the defendant Webber for the recovery of damages for the unlawful sale of intoxicating liquors to the husband of plaintiff. Webber filed an answer denying generally the allegations of the petition. The defendant Weston intervened in the action, alleging that he had an interest in real estate which is liable to be affected by the result of the suit, and denying plaintiff's alleged cause of action.

The plaintiff amended her petition, alleging that defendant Weston was the owner of Water Lot No. 50, in the city of Bellevue, and that said Webber, with the knowledge, consent and approbation of Weston, used and occupied a portion of said premises as a saloon, and that the intoxicating liquors sold to the husband of plaintiff were sold to him upon said premises by defendant Webber, and she prayed that any judgment she might obtain against Webber might be declared to be a lien upon said premises. The defendant Weston answered the amended petition, alleging among other things that he was the

owner of the property described in the petition, that he was a married man and head of a family, and that said property was then and had been his homestead and exempt from liability for plaintiff's alleged claim for damages. This answer also denies the allegations of the petition claiming the right to damages. The answer of the defendants further sets forth that plaintiff commenced separate suits against Nicholas Meier, John Weiss, Mathias Schultz and Michael Hilger, each suit being for the same wrongs and injuries complained of in this action, and that plaintiff had settled two of said suits upon the payment to her of $800, and recovered judgments in the others for $400 each.

There was trial by jury, a verdict for the plaintiff for $1100, and judgment thereon, and a finding by the court declaring the judgment to be a lien on said Water Lot No. 50, *excepting so much thereof as was the homestead of the defendant Weston*, and he appeals.

*J. W. Croker* and *L. A. Ellis*, for appellant.

*D. A. Wynkoop* and *Wm. Graham* for appellee.

ROTHROCK, J.—I.   A question is made as to the right of the defendant Weston to appeal from the judgment against the defendant Webber. The record shows that appel-

1. PRACTICE in the supreme court: appeal: co-defendant.

lant served notice of appeal not only on the plaintiff, but upon his co-defendant, Webber. Under such circumstances, Webber having failed to appear in this court and make known his refusal to join in the appeal, he is deemed to have joined, and is liable to his due proportion of costs. Code, § 3176. It follows that the judgment against Webber has been appealed from, and Weston can maintain any proper objections there may be thereto. Aside from this, as the plaintiff in the court below asserted a claim against the property of Weston, and still asserts it, we know of no rule that would prevent Weston, not only from defending against the lien sought to be fastened upon his property, but also from defending against the alleged claim of plaintiff for damages. He has the same right to thus defend that a surety would have to show that the debt had been paid by his principal, or that

the same was without consideration, and at the same time make any proper defense in his own behalf.

II. The defendant on the trial introduced in evidence without objection the record of the case of plaintiff against John Weiss, showing a confession of judgment for $400, May 12, 1875, which it appears was paid, and offered to introduce the record in the case of plaintiff against Michael Hilger, showing the recovery of a judgment for $425, and also the record in the case of plaintiff against Mathias Schultz, showing the recovery of a judgment for $400. The petitions in these two last mentioned cases were filed on the same day as the petition in the case at bar. All of these petitions, including that of the case now under consideration, contain substantially the same allegations as to the character of the injuries suffered by plaintiff, and they for the most part cover the same period of time in which it is alleged that sales of intoxicating liquors were made to her husband. The substance of these petitions is that the plaintiff was dependant on the labor of her husband for support, and that when sober he was an industrious mechanic, and a kind and affectionate husband, and that by continuous sales of intoxicating liquors by defendants to him he became and was intoxicated, so that he neglected his business and family, and spent all his earnings for liquor, and was violent, abusive, unkind, etc. Objection was made by the plaintiff to the introduction in evidence of the record of the cases against Hilger and Schultz and sustained by the court, to which defendant excepted.

In the case of *La France v. Krayer*, 42 Iowa, 143, and in *Jewett v. Wanshura*, 43 Iowa, 574, it was held by this court that where the petition by the wife against several defendants alleged continuous sales running through a considerable time, and the alleged damages were not the result of a particular and single intoxication contributed to by all of the defendants, a joint action would not lie. In the last mentioned case it was further held that each party under such circumstances should only be held for the damages which his own acts occasioned, and that several recoveries may be had against the parties thus severally liable. Following this interpretation of the statute

*Marginal note: 2. INTOXICATING liquors: recovery of damages by wife: evidence.*

it was error for the court below to refuse to allow the records in the cases named to go in evidence to the jury. They would have tended to show that the plaintiff had already recovered judgments against the parties therein named for part of the injury and damages which she claimed in this action, and were proper evidence to establish that fact.

It is urged by counsel for appellee that no stated objection was made to the introduction of the record of said cases in evidence; but that the objection was general and for this reason the error complained of cannot avail the appellant in this court. The appellant offered the records in evidence, as is shown by the abstract, for the purpose of showing that the plaintiff claimed damages for the same acts and injuries that she claims for in this case. If objections existed to the introduction of the records, it was the duty of plaintiff to make them specific. "Where the prevailing or successful party, the appellee, makes a general objection which is sustained by the court, then if appellant can show in this court that there could be no legal or possible ground upon which the ruling of the court below can be sustained, the appellant will be entitled to a reversal of the judgment, since there must be an error of law in sustaining the objection." *Clark v. Connor*, 28 Iowa, 311.

III. The order of the court establishing the judgment as a lien upon defendant Weston's property was made on the same

3. —— : ——: lien.

evidence on which the jury found the verdict, and without any additional evidence, and it is urged by counsel for appellant that the court erred in rendering judgment establishing the lien against a portion of the property without determining what portion. As the judgment must be reversed and cause remanded for a new trial, it is unnecessary to determine the question whether the order or judgment establishing the lien was erroneous or otherwise, and yet we may say in view of a new trial that as the Code, section 1558, provides that the real property occupied and used by the defendant shall be liable and subject to the lien of the judgment, except the homestead, it was the duty of the court, not to ascertain the homestead, but to ascertain and fix specifically the property upon which the lien should attach, if this could be

done. We confess our inability to do so on the evidence before us. It appears from the evidence that Weston was, with his family, living in the building and occupying it as a home; that Webber occupied a room in the basement as a saloon. Another room above was used by Weston as a store. We are left to conjecture as to whether this building was so constructed as to render it reasonably certain that parts of it were intended for stores, or for rooms in a dwelling house. It appears that Webber at the time of the trial in the court below was not keeping saloon in the building. Whether the room he occupied was let to him for a mere temporary purpose, under such circumstances as not to destroy its homestead character, or whether it was so situated as to the homestead as to be capable of being designated as separate property, we cannot determine from the evidence. These and other considerations will arise on a re-trial, and it is unnecessary to pursue the inquiry further here.

REVERSED.

ON REHEARING.

DAY, CH. J. Upon petition of plaintiff a rehearing was granted in this case. We have again carefully examined the question, a reconsideration of which was desired. Plaintiff complains of the portion of the former opinion which holds that the court erred in refusing to admit the records in the cases of plaintiff against Michael Hilger and Mathias Schultz, showing the recovery of judgments against them. The correctness of the opinion is assailed with much earnestness and with apparent plausibility.

The plaintiff, as stated in the foregoing opinion, commenced separate actions against the defendant, Weber, and against Meier, Weiss, Schultz and Hilger, the petitions covering substantially the same period of time, and making substantially the same allegations as to the character of the wrongs done and the injuries sustained.

Now the defendants were either jointly or severally liable; if jointly liable, the collection of a judgment against one would be a satisfaction as to all; and the court in substance so instructed

the jury. The court permitted the defendant to prove that John Weiss had confessed and paid to plaintiff a judgment of $400. The jury must have found that the injuries were so committed as not to render the defendant and John Weiss jointly liable, otherwise under the evidence and instructions their verdict must have been for the defendant. There was no evidence tending to show that the injuries were so committed that the defendant and Hilger and Schultz were jointly liable. Indeed, the allegations of the petition are such that under the doctrines of *La France v. Krayer*, 42 Iowa, 143, there could not be a joint liability. If the defendants are severally liable, under the doctrine of *Jewett v. Wanshura*, referred to in the foregoing opinion, several recoveries may be had against each of them, but each can be held liable only for the damages which his own act occasioned. In an action against one party so liable, it must, therefore, be competent to show that he did not produce all the intoxication, neglect of business, spending of earnings, etc., etc., of which complaint is made. To this end it would be competent to show that some one else, during the period covered by the petition, sold liquor to plaintiff's husband, obtained part of his earnings, caused some of the intoxication, and produced in part the neglect of business. Such proof would be competent, not for the purpose of exonerating the defendant for all that he did, but to show that the condition of things shown to exist was not all brought about by the acts of defendant, and of holding him liable only for the damages he occasioned. Suppose A sues B for permitting his animals to trespass upon and destroy a field of corn. A proves that upon divers occasions B's animals were seen in his field eating and destroying his corn, and that there has been a total destruction of the crop. If no further evidence should be produced, the jury would be warranted in holding B responsible for the whole value of the crop. Might not B prove that C's cattle trespassed upon the same crop, and contributed materially to its destruction? It is too clear for argument that he might do so, not to obtain immunity for any damage that his cattle did, but to aid the jury in determining whether they did all the damage that the evidence shows was done. If

A had made an admission that C's cattle trespassed upon the same crop for which B was sued, surely this admission would be competent evidence. Suppose that in fact A has sued C, and has recovered judgment against him for damage to the same crop. Is not this an admission that C's cattle damaged the crop? And may not the judgment be introduced as evidence tending to prove such an admission? The case at bar is not at all different in principle. It must not be forgotten that, under the allegations of the petition, the injuries complained of were done in such manner that defendant cannot be jointly liable with others for the wrong done, but is responsible only for his own acts, and the consequences flowing therefrom. If Hilger and Schultz, during the period covered by the petition, sold intoxicating liquor to plaintiff's husband, and thereby contributed to make him neglect his business, spend his earnings, etc., etc., the defendant cannot be held responsible for their acts. Proof was introduced generally of the condition and habits of plaintiff's husband. In the absence of any opposing proof, the jury might attribute his habits and condition solely to the acts of the defendant. It was the defendant's right to introduce any competent testimony, tending, however slightly, to show that some one else, in part, occasioned this condition and brought about these habits. The recovery of a judgment against another tends, as an admission of the plaintiff, to establish that fact. The fact that the judgment may, in part, have been composed of exemplary damages, is immaterial. The important fact is that at the instance of plaintiff there has been a judicial determination that, during the period covered by the petition, some one else actually aided in bringing about the condition complained of, and, as a consequence, that it was not all done by defendant. When such a condition is shown, then under the doctrine of *Jewett v. Wanshura*, the consequences of the combined wrongs cannot all be visited upon the defendant.

It is not meant in the foregoing opinion that these judgments are admissible for the purpose of mitigating the damages for the wrongs actually done by defendant. The meaning is that they are admissible to aid in the determination as

to the actual extent of the wrongs done by defendant, to the end that he may be held responsible only for his own acts.

We are content with the conclusion heretofore announced, and it is adhered to.

BECK and ADAMS, JJ., *dissenting.*