## WARD v. THOMPSON.

1. **Intoxicating Liquors: DAMAGES: EVIDENCE.** In an action by the wife for damages for the sale of intoxicating liquors to her husband, whereby she has been injured in her means of support, she may show, to sustain a claim for exemplary damages, the number and age of her children, if she also shows that the defendant, prior to selling the liquor to her husband, had knowledge that she had such children, and that they were in danger of being injured or compelled to leave home.

2. ——: ——: ——. The plaintiff's husband was properly permitted to state about how much he had paid the defendant for liquors during the time for which damages were sought to be recovered, as a fact tending to show the injury the wife had received in her means of support.

3. ——: ——: ANOTHER ACTION. Evidence that plaintiff had commenced another similar action against another seller of intoxicating liquors, for damages accruing during the same period, was *held* to be inadmissible.

4. ——: ——: PURCHASE BY WIFE. If the wife purchased liquor for her husband from defendant under compulsion, or to keep him at home, she did not thereby defeat her right of action.

5. ——: ——: PAIN AND ANGUISH. Any violent interference with one's person is in law an injury, and mental suffering resulting therefrom is a ground for damages.

6. ——: ——: BURDEN OF PROOF. In such an action it was sufficient to instruct the jury with respect to the burden of proof that it was upon the plaintiff.

7. **Verdict: GENERAL AND SPECIAL.** When the jury returned a general verdict for one hundred dollars and a special verdict for two hundred dollars, the court was justified in rendering judgment for three hundred dollars.

8. ——: AFFIDAVITS OF JURORS. Affidavits are not admissible to show the understanding of jurors.

*Appeal from Howard Circuit Court.*

MONDAY, JUNE 10.

THE plaintiff is the wife of one William Ward, and claims

Ward v. Thompson.

that she has been injured in person and in her means of support by the intoxication of her husband, produced by intoxicating liquors sold to him by the defendant. Other facts are stated in the opinion. Verdict and judgment for plaintiff. Defendant appeals.

*H. C. McCarty*, for appellant.

*Sayre & Woodward* and *John T. Stoneman*, for appellee.

ADAMS, J.—I. The plaintiff was examined as a witness in her own behalf, and was permitted to state, against the objec-

1. INTOXICA-
TING liquors:
damages:
evidence.

tion of the defendant, that her family, besides herself and husband, consisted of two children, a son eighteen years old and a daughter thirteen. The defendant claims that the court erred in admitting this evidence, because it was well calculated to influence the jury in regard to the amount of their verdict, and that the verdict should not be greater by reason of the fact that the plaintiff's family included minor children, because the plaintiff can recover only the damage which she has sustained individually in her person and means of support, and that, if the children have sustained damage, they can maintain their separate actions therefor. It must, we think, be conceded that the actual damages which the plaintiff is entitled to recover are not greater by reason of her children. But it appears that she forbade the defendant to sell her husband liquor; that she spoke to him of her husband's habits, and informed him that she could not stay in the house, and that she must leave, or at least send the children away; that her husband continued to frequent the defendant's saloon, and came from there intoxicated; that when intoxicated he was abusive, and that she had to send her daughter away. Now if the defendant continued to furnish the plaintiff's husband liquor upon which he became intoxicated, after he had been informed by plaintiff in regard to her children, and the necessity that there would be of their removal if her husband's intemperate habits continued, it

was an aggravating circumstance, tending to show a reckless-
ness of consequences, which the jury was entitled to consider
upon the question of exemplary damages.   In our opinion,
then, where a married woman brings an action like the present,
she may show the number and ages of her children belonging
to her family, if she also shows· that the defendant has
knowledge that she has such children, and that they are in
danger of being injured or compelled to leave home, and the
defendant, after such knowledge, wantonly continues to sell the
plaintiff's husband liquor, by reason of which she acquires a
right of action.   The evidence is pertinent to the question of
exemplary, but not actual, damages.

II.   The plaintiff's husband, as a witness in her behalf,
after having stated that he did not know how much money
he had paid the defendant for whisky during the
time for which damages are sought, was allowed
to state, against the objection of the defendant, about how much
he paid.   The defendant contends that the evidence was inad-
missible, because it was a mere guess or general estimate.
The plaintiff, however, is not entitled to recover for money
paid.   The amount paid was immaterial, except as a fact,
among others, tending to show the injury which plaintiff had
received in her means of support.   For such pürposes the
statement of her husband as to about how much he paid was,
we think, admissible.

III.   The defendant offered to show that plaintiff had com-
menced an action against another person, covering the same
grounds as in this action.   The court excluded the
evidence, and the ruling is assigned as error.
This court held, in *Engleken v. Webber*, 47 Iowa, 558, that
it was error to exclude evidence of judgments obtained
against other parties for injuries received by plaintiff from
the intoxication of her husband by liquor sold by the par-
ties during the same years during which she received the
injuries for which she is seeking a recovery against the
defendant.   The taking of judgments was thought by a

Ward v. Thompson.

majority of the court to be an admission that she had received injuries during those years other than those caused by the defendant, and that, if such was the fact, the jury would have been aided by knowing it in determining the extent of the defendant's liability.   But the mere bringing of an action cannot be regarded as having the force of an admission, so far as the amount sought to be recovered is concerned, which is the only material consideration.   An action is brought for all that the plaintiff thinks it is possible to recover.   The allegations of the petition are designed to be broad enough, and more than broad enough, to cover all the evidence which can be advanced in their support.   This plaintiff may have averred in her petition in the other case that she received more injury from the acts of that defendant, during the time in question, than she can show in the case at bar that she received altogether during the same time.   But she may utterly fail in her proofs in the other case.   The averments, then, made in her petition in that case, as to the extent of her injuries, must be considered as made merely for the purposes of the trial of that case, and should not affect her in any other.   The mere fact that she claims that she received injuries to *some extent* not yet ascertained, for which the defendant in the other case is liable, is not such that if the jury in this case had knowledge of it, it would aid them in determining the extent of the injuries caused by the defendant.

IV.   There was some evidence showing that plaintiff bought liquor for her husband.   She said in her testimony:   "My husband compelled me to go and get liquor for him and keep it in the house.   I went and got it about four times.   Once he compelled me.   The other times I got it to keep him away from saloons."   With reference thereto, the court gave the following instructions:

4. ——: ——: purchase by wife.

"15.   If you find that the plaintiff, within the two years in question, wrongfully procured liquor for her husband, and thereby contributed to produce the injury to her means of

support of which she complains, then, for such injuries which she in part caused, she cannot recover in this action.

"16. But if you find that she only procured the liquor for him through compulsion by him, or if you find that she only procured the same for him for the purpose of keeping him from places where he would be likely to drink more, become intoxicated, and squander his means, and that in so doing she acted with reasonable care under the circumstances, then such acts were not contributory to the wrong and would not defeat her right to recover if otherwise entitled to."

The latter instruction is assailed upon the ground that the plaintiff, in purchasing liquor for her husband, was guilty of a criminal act and was wholly inexcusable, and that the jury should not have been allowed to find that she did not contribute to the wrong. Whether, if she had furnished her husband with liquor with her own money, she would have been liable to prosecution under the statute, we need not determine. The evidence does not so show. In making her husband's purchases for him she was not criminally liable; and whatever may be thought of the acts upon moral grounds, if she had reasonable cause to think that by so doing she would contribute to her husband's temperance rather than intemperance, and prevent the threatened injuries, we are of the opinion that, in legal contemplation, she should not be regarded as having contributed to her injuries.

V. The defendant excepted to an instruction which allowed recovery for mental anguish, shame and suffering. The instruction is in these words: "If you find the plaintiff entitled to recover for violence to her person, in measuring such damage it is proper for you to consider any physical pain caused thereby, together with any mental anguish, shame or suffering resulting from such treatment." It is insisted by defendant that there was no evidence to justify the instruction, and that it contravenes the rule held as to wounded feelings, etc., in Kearney v. Fitzgerald, 43 Iowa, 580.

5. ——:——: pain and anguish.

Ward v. Thompson.

The evidence as to injury to the plaintiff's person is found in the testimony of herself and daughter. It shows that the plaintiff was repeatedly thrust violently out of doors by her husband, and compelled to stay all night; at other times he struck her and threw her down. Any violent interference with one's person is in law an injury, and mental suffering *resulting therefrom* is a ground for damages.

The point decided in *Kearney v. Fitzgerald* is not involved in this case. For wounded feelings and disgrace, not resulting from injury to the person, no recovery can be had. See, also, *Calloway v. Laydon*, 47 Iowa, 456.

VI. The court instructed the jury that the burden of proof is upon the plaintiff. The defendant complains of this instruction as deficient. It is insisted that the court should have gone further and instructed the jury that it was incumbent upon the plaintiff to satisfy them of defendant's guilt beyond a reasonable doubt. It was held in *Barton v. Thompson*, 46 Iowa, 30, where the plaintiff sought to recover for injuries received from an act which was criminal, that the jury should be satisfied that the defendant committed the act beyond a reasonable doubt Whether that rule should apply in a case where the act is criminal merely because prohibited by statute, we need not determine. The instruction given as to burden of proof is correct. No instruction was asked embodying the rule contended for. The omission to so instruct is not error.

VII. The jury were instructed that if they allowed exemplary damages to render a special verdict for the amount so allowed. They rendered a general verdict for one hundred dollars, and a special verdict for exemplary damages for two hundred dollars. The court rendered judgment for three hundred dollars. The action of the court in this respect is assigned as error.

The verdict, it must be admitted, is slightly irregular. The exemplary, as well as the actual, damages should have been included in the general verdict. But a verdict, however

informal, is good if a court can understand it. *Jones v. Julian*, 12 Ind., 274; *McRae v. Colclough*, 2 Ala., 74; *Battles v. Braintree*, 14 Vt., 348; *Meade v. Smith*, 16 Conn., 346. See also Code, § 2812. The judgment must follow the verdict as properly understood. In this case the intention of the jury is beyond question. They intended to allow one hundred dollars actual damages, and two hundred dollars exemplary damages, and the court was justified in rendering judgment for three hundred dollars.

VIII. The defendant moved to set aside the verdict on the ground that the jury, in assessing the exemplary damages, acted under a misapprehension of the law. In support of the motion he filed the affidavit of five jurors, to the effect that they understood from the instruction given that the exemplary damages would go to the school fund, and that the general verdict included all the damages to which they considered the plaintiff entitled. There is nothing in the instruction given to indicate that the exemplary damages would go to the school fund. In the instruction the jury was merely told that by exemplary damages is meant damage by way of punishment to the wrong-doer, and that the amount was in their discretion. We must presume that the jurors, under their oath, allowed simply what they thought was right by way of punishment of the wrong-doer. The amount of the damages allowable was in no way dependent upon whether they were to go to the school fund or not. The statement in the affidavit, that the verdict for one hundred dollars covered all the damage to which they regarded the plaintiff entitled, means simply that it covered her actual damages. She is entitled to the damages rendered by way of punishment merely by a technical rule of law, which the jurors admit that they were ignorant of. Giving the affidavits, therefore, all the force which the defendant can claim for them, it would not appear that the defendant is entitled to have the verdict set aside. But there is still another objection equally insuperable. Affidavits are not admissible

to show the understanding of the jurors. See *Wright v. Illinois & Mississippi Telegraph Company*, 20 Iowa, 195·(210), and cases cited. The judgment of the Circuit Court must be

AFFIRMED.