Okey, J.
1. The charge in the petition is that the defendants below had, in Kenton, during three years *91 next preceding November 15-, 1873, continuously sold to Frederick Myers intoxicating liquors,, thereby causing him frequently to become intoxicated, whereby the plaintiff below was injured in her means of support. The defendants offered evidence tending to prove that, during a portion of that time, Myers had repeatedly purchased liquor of other persons in Kenton, and become intoxicated thereon.. They also offered the written admissions of the plaintiff below, tending to.prove the same fact. But the court excluded the evidence, both oral and written, and in this, we think,, erred.
Under the act of 1854, as amended in 1870 (67 Ohio L. 102), which governed this case, it was provided that the injured party should “ have a right of action in his or her own name, severally or jointly, against any person or persons who shall, by giving or selling intoxicating liquors, have caused the intoxication, in whole or in part, of such person or persons.” No doubt, under this act, if two sellers, though wholly independent of each other, contributed, by their unlawful sales, to the same intoxication, whether of long or short duration, a wife injured thereby m her means of support, could recover damages for the whole injury, in a joint action against them ; and she might recover against either or both of them, in a separate action or actions, the same amount of damages, though she could have but one satisfaction. But this did not render a party liable for the independent, unlawful act of another seller, having no such connection with any unlawful sale he may have made.
Evidence having been given tending to prove that for three years immediately preceding November 15,1873, the-defendants continuously sold to Myers intoxicating liquors, upon which he frequently became intoxicated, the jury might readily infer that the defendants caused all the injury which the plaintiff below sustained by reason of the intoxication of her husband. Surely, to rebut such inference, the defendants should have been permitted to offer evidence that, during the same time, Myers purchased liquor and became intoxicated at other saloons in Kenton. *92 It would have been for the jury to say, whether the sales at other saloons had simply contributed to or increased the intoxication produced by liquors sold by the defendants below, in which case the evidence could not have aided them ; or whether, in fact, the liquors procured of persons other than the defendants caused independent intoxications, to which the defendants below did not contribute, in which case the evidence should have been considered in their favor, and have had such weight as the jury might think, under the circumstances, it was entitled to receive. And the admissibility of such evidence is more apparent when it is remembered that the statute places this action on the ground of a suit in tort involving fraud or malice, as to the right of the jury to include in their verdict exemplary damages; for the amount of such damages can only be properly determined on the fullest consideration of the real cause or causes of the injury, with the attending circumstances. See Engleken v. Webber, 47 Iowa, 558.
Miller v. Patterson, 31 Ohio St. 419, in no way militates against, but supports this conclusion. Th ere separate actions had been brought by the same person against different defendants, the petitions being, in form, identical; and it was held, “ the fact that the plaintiff in one case received a sum of money in satisfaction and discharge of her cause of action, was no defense in the other case, if, in fact, the intoxications were separate and distinct.”
2. We are of opinion, furthermore, that the court erred in failing to charge the jury, and in the charge given, as to the effect of the death of Myers on the amount of recovery. The case was tried before Davis v. Justice, 31 Ohio St. 359, was decided, and hence, in view of the difficult question presented, it is not strange that court and counsel fell into error. It was held in Davis v. Justice, that in an action under the above mentioned act of 1870, for injury to means of support in consequence of intoxication which caused the death of the intoxicated person, damages resulting from the death can not be recovered. True, the request made in this case did not contain a correct statement of the law, *93 and the court properly refused to charge as requested. It is also true that the failure to charge a correct proposition of law, pertinent to the ease, will not, ordinarily, afford ground of reversal, if there was no request to charge such proposition. But here the attention of the court was directed by counsel to the effect of death on the amount of the recovery, and the response was, not merely a refusal to charge as requested, but a statement to the jury that if the plaintiff was entitled to a verdict, “ the amount must fully compensate her for all she has lost in her means of support, both present and future;” and no other allusion was made to the effect of death on the amount of the recovery. The jury were authorized, under such a charge, to take into consideration support he might have rendered if death had not resulted in the way stated, which, .as we have seen, is opposed to Davis v. Justice; and hence the charge was not merely misleading, but, under the circumstances, erroneous.
As already stated, the question involved in Davis v. Justice was not free from difficulty. Cases may be found in seeming opposition to that decision. Rafferty v. Buckman, 46 Iowa, 195; Jackson v. Brockins, 5 Hun, 530; Quain v. Russell, 8 Hun, 319; Schroeder v. Crawford, 8 Reporter, 171. On the other hand, it is not without support. Krach v. Heilman, 53 Indiana, 517; Collier v. Early, 54 Indiana, 559 ; Backes v. Dant, 55 Indiana, 181; Shugart v. Egan, 88 Illinois, 56; Brookmire v. Monaghan, 15 Hun, 16, following Hayes v. Phelan, 4 Hun, 733; 5 lb. 335. But, independently of such support, we are satisfied with Davis v. Justice for the reasons stated in the opinion of MeIlvaine, J., concurred in by a majority of the court; and we adhere to that decision.
In the case of Davis v. Justice, it appeared that the plaintiff’s husbaud was run over by a train of cars while intoxicated, and instantly killed. In this case, the evidence tended to show that the intoxication led to exposure, which, together with the enfeebled condition of the system, caused by intemperance, induced pneumonia, which occa *94 sioned death. To such a case, and perhaps, indeed, to Davis v. Justice, the principal reason given for the judgment in Krach v. Heilman, supra, where the facts were analogous in this respect to the case under consideration, would also seem to be applicable. There the right to recover, which was based on a statute in terms like our act of 1870, was denied by the application of the maxim, causa próxima non remota spectatur. To the same effect is Shugart v. Egan, supra.

Judgment reversed, and cause remanded for a new trial.