## FLINT v. GAUER.

1. **Intoxicating Liquors:** JUDGMENT FOR WRONGFUL SALE OF: LIEN ON PREMISES: EVIDENCE. After verdict against defendant for damages for the wrongful sale of intoxicating liquors to plaintiff's husband, an affidavit was filed showing that the premises in which the liquors were sold were the property of defendant. *Held* that such affidavit was not competent evidence in the case, and that a decree, based thereon, making the judgment upon the verdict a lien upon the premises, was erroneous.

2. **Pleading:** DENYING PETITION AFTER AMENDMENT: EFFECT OF. An original and amended petition constitute one pleading, and an answer in denial of the petition, filed after the amendment, puts in issue the allegations of the amended as well as of the original petition.

3. **Intoxicating Liquors:** WRONGFUL SALE OF: JOINT WRONG-DOERS: DAMAGES. Whoever, by the wrongful sale of intoxicating liquors, contributes to the formation of habits of intoxication, is liable only for the damages caused by his own wrongful act. *Richmond v. Shickler*, 57 Iowa, 468, and other cases, followed.

*Appeal from Des Moines District Court.*

WEDNESDAY, SEPTEMBER 23.

ACTION by a wife against the keeper of a saloon, wherein intoxicating liquors were sold, to recover for injury which she sustained by reason of the habitual intoxication of her husband, caused by the sale of liquors to him at defendant's saloon. There was a judgment upon a verdict for plaintiff. Defendant appeals.

*S. L. Glasgow*, for appellant.

*Newman & Blake*, for appellee.

BECK, CH. J.—I.   The petition alleges that for two years prior to the commencement of the action defendant frequently sold intoxicating liquors to plaintiff's husband, thereby causing his intoxication, or contributing thereto, and by reason of such intoxication he became an habitual drunkard.   An amendment to the petition alleges that defendant's saloon is situated upon a specified lot in the city of Burlington, and asks that judgment for plaintiff be declared to be a special lien thereon.   Defendant's answer, which was filed after the petition was amended, denies generally all the allegations of the petition.

II.   No evidence was introduced upon the trial tending to show that defendant owned the real estate against which

1. INTOXICAT-ING liquors: judgment for wrongful sale of: lien on premises: evidence.

the lien is sought.   But after verdict an affidavit was filed, showing that an examination of the county records made by affiant revealed the fact to be that the title of the property was in defendant, and upon this evidence the judgment was declared to be a special lien upon the real estate occupied for the saloon. It cannot be doubted that the affidavit was not competent as evidence in the case.   This is not, as we understand counsel for plaintiff, disputed; but they insist that defendant's own-

2. PLEADING: denying petition after amendment: effect of.

ership is admitted by the pleadings.   The position is based upon the fact that the answer denies generally the allegations of the petition, but does not, however, specially mention and deny the averments of the amendment.   The position cannot be supported.   The original and amended petition together constituted the petition setting out plaintiff's cause of action.   They are to be considered as one pleading.   The answer being filed after the amendment, it is to be regarded as referring to and denying all the allegations of the petition as it stands after amend-

ment. This point of the case demands no further consideration.

III. The district court, in the third instruction, directed the jury that for sales of liquor made by defendant to plaintiff's husband, which produced or contributed to his habitual intoxication, the defendant would be liable for all damages sustained therefrom by plaintiff, as well as for exemplary damages. This instruction is erroneous, being in conflict with prior rulings of this court, holding that whoever contributes to the formation of habits of intoxication is liable only for the damages caused by his own act. See *Richmond v. Shickler*, 57 Iowa, 486; *Ennis v. Shiley*, 47 Id., 552; *Engleken v. Webber*, Id., 558.

*3. INTOXICAT-ING liquors: wrongful sale of: joint wrong-doers: damages.*

Other questions argued by counsel need not be considered. For errors pointed out the judgment of the district court is

REVERSED.