REGINA BELLISON v. A. APLAND & COMPANY, *et al.*, Appellants.

Civil Damage Suit for Sale of Liquor: PROOF AND CHARGE. An instruction in an action for damages from the sale of intoxicating liquors to plaintiff's husband that it was the husband's duty to furnish the wife the "comforts and surroundings reasonable and necessary for the position in society in which she lived," and that if he had failed to "so provide for her," and such failure resulted from his intoxication caused or contributed to by defendant, she could recover, is erroneous, there being nothing to show the station she occupied, or that she had in the past been provided for in the manner indicated; and the liability is not on what the husband ought to have done, but what he had done, before defendant's tort.

SALE BY SEVERAL: *Damages.* Where plaintiff's husband procured intoxicating liquors from others than defendant which he drank, and which contributed to his condition, defendant is not liable for all damages sustained by plaintiff from her husband's intoxication.

EVIDENCE. Evidence of previous suits by plaintiff for damages from the sale of intoxiating liquors to her husband is competent as to his previous habits of intoxication, and, in connection with evidence that she had been willing such liquors should be kept in their house for the use of him and his friends, is competent on the question of her good faith in bringing the action and the weight to be given her testimony.

COUNTY ATTORNEY: *May act as plaintiff's attorney.* A county attorney during whose term defendant was indicted for an illegal sale of intoxicating liquors, not connected with the sale to plaintiff's husband, is not prohibited from being an attorney for her in an action for damages from a sale to her husband, by Code, section 305, providing that no county attorney shall be engaged for any party other than the state or the county in an action based on substantially the same facts on which a prosecution has been commenced by him in the name of the county or the state.

*Appeal from Story District Court.*—HON. J. R. WHITAKER, Judge.

FRIDAY, FEBRUARY 7, 1902.

THIS action is brought, under section 2418 of the Code, to recover damages arising from the sale of intoxicating liquors to the plaintiff's husband. There was a trial to a jury, and a verdict and judgment for the plaintiff, from which the defendant Apland appeals.—*Reversed.*

*Phillips, Ryan & Ryan* for appellant.

*A. K. Webb* and *Mackinzie & Ryan* for appellee.

SHERWIN, J.—The petition avers the habitual drunkenness of the husband, and loss of support on account thereof. After the trial had commenced the plaintiff dismissed as to all defendants except Apland; and, as we shall reverse the case on other grounds, it is not necessary to determine whether there was a misjoinder of parties defendant.

The seventh paragraph of the court's charge told the jury that it was the husband's duty to furnish the wife the "comforts and surroundings reasonable and necessary for the position in society in which she lived," and that if her husband had failed to "so provide for her," and that such failure resulted from his intoxication, caused or contributed to by the defendant, she was entitled to recover. It is manifest that the question for the jury on this branch of the case was not what the husband ought to have done in the way of support of the wife, but what he had in fact done prior to the alleged tort of the defendant. There is nothing in the record tending to show the station in society occupied by the plaintiff, or that she had in the past been provided for in the manner indicated by the instruction. It was simply a question of what she had lost by the defendant's wrongful acts, and the instruction was not confined to this, as it should have been. *Dunlavey v. Watson,* 38 Iowa, 398.

In the eleventh and twelfth paragraphs of its charge the court instructed, in effect, that the defendant was liable for all damage sustained by the plaintiff on account of the intoxication of her husband. There is error in this, because the evidence tends to show that the husband procured intoxicating liquors elsewhere, which he drank, and which contributed, at least, to his besotted condition during the time complained of. That the defendant is only liable for his own acts is well settled. *Flint v. Gauer,* 66 Iowa, 696; *Ennis v. Shiley,* 47 Iowa, 552; *Huggins v. Kavanagh,* 52 Iowa, 368. Whatever damage the defendant's sales caused, the plaintiff is entitled to recover for, and nothing more. *Jewett v. Wanshura,* 43 Iowa, 574.

The eighth paragraph of the charge contains the same thought as the others mentioned, though not as clearly expressed.

Instruction 14 unduly limits the effect of the evidence of former suits brought by the plaintiff against others. Evidence was competent as to the husband's previous habits of intoxication, and, further, there is evidence tending to show that the plaintiff herself had been willing that such liquors should be kept in their home for the use of the husband and his friends. If this is true, as the jury might have found, evidence of former suits was competent on the question of the plaintiff's good faith in bringing the suit at bar, and the weight which should be given her testimony.

This action was brought for the plaintiff by D. J. Vinje, who was then, and at the time of the trial thereof, the county attorney of Story county. The defendant Apland had shortly before been indicted by the grand jury of the county for illegal sales of liquor made during the time complained of in the petition. Section 305 of the Code provides that no county attorney "shall be directly or indirectly engaged as an attorney or otherwise for any party other than the state or county in any action or pro-

·ceeding pending or arising in his county, based upon substantially the same facts upon which a. prosecution or proceeding has been commenced or prosecuted by him in the name of the county or state." The plaintiff's husband was not one of the witnesses before the grand jury; nor does it appear from the record that the indictment was based, in whole or in part, on any sales made by Apland to him. True, the petition covers the same time; but we cannot say, for this reason alone, that this suit is based upon substantially the same facts upon which the indictment was found. A single sale of liquor in violation of law within three years prior to the finding of the indictment would sustain a conviction for keeping a nuisance, but, if it were not the sale complained of in the petition in a civil suit for damages, can it be said that both are based upon substantially the same facts. We do not think the statutes should be thus construed.

The comments of the plaintiff's attorney on the witnesses called by the defendant, while not supported by the evidence, do not constitute error for which we should reverse.

In view of a retrial of the case, we will not discuss the evidence. It is sufficient to say that it tends to support the verdict.

For the errors pointed out, the case is REVERSED.