EMMA MATHRE v. W. A. DEVENDORF, Appellant.

Intoxicating liquors: SALE TO HUSBAND: DAMAGES: EVIDENCE. In an action by. the wife for damages on account of the illegal sale of liquor to the husband, evidence of his excessive use of liquor several years prior to the time in question was incompetent, but its admission was not prejudicial where the other party went into the same inquiry with his witnesses.

Same. The fact that a wife had collected damages for the illegal sale of liquor to her husband, covering the period of time in question, was competent on the question of defendant's liability for injuries; but mere proof of commencement of action against another and filing a petition claiming such damage was not sufficient to satisfy the rule and was inadmissible.

Damages for illegal sale of liquor: INSTRUCTIONS. A wife may recover as damage, for the illegal sale of liquor to her husband, only the loss of support occasioned by the acts of defendant; but an instruction that she was entitled to fair support by the husband and that if she had not received such support because of defendant's acts she could recover the reasonable support to which she was entitled, while not a correct statement of the law, yet in view of the evidence is held not misleading.

Double damages: INSTRUCTION. Where the court instructed the jury to allow damages for plaintiff's loss of support caused by defendant's illegal sale of liquor to her husband, the further instruction authorizing an additional recovery because of the husband's impaired ability to secure and hold remunerative employment, was erroneous as permitting double damages.

*Appeal from Story District Court.*— HON. J. H. RICHARD, Judge.

THURSDAY, MARCH 8, 1906.

SUIT by a wife to recover damages for the sale of intoxicating liquor to her husband. Trial and verdict and

judgment for the plaintiff. The defendant appeals.— *Reversed.*

*E. H. Addison* and *G. W. Dyer,* for appellant.

*McCarthy & Lee* and *A. L. Bartlett,* for appellee.

SHERWIN, J.— This suit is based on section 2418 of the Code, which gives the wife a right of action for damages to her property or means of support in consequence of the intoxication of her husband, which the plaintiff alleged to be habitual and the result of the wrongful acts of the defendant. We shall give attention to the errors relied on for a reversal in the order of the appellant's brief. Nos. 1, 2, 3, 4, 5, and 7 relate to rulings on the admission of testimony, and all of the complaints are devoid of merit. The testimony tending to show that the husband was addicted to the excessive use of liquor six or seven years prior to the time involved in this action was clearly incompetent as a part of the plaintiff's case. See *League v. Ehmke,* 120 Iowa, 464. But the admission thereof was not prejudicial because the defendant entered and explored the same field of inquiry in the examination of his own witnesses and produced the same testimony.

There is sufficient evidence to support the judgment, and the court was clearly right in refusing to direct a verdict for the defendant. The plaintiff had commenced a suit against another seller of liquor and had filed a petition therein, claiming damages to her means of support for the same time covered by her claim in this action, and on the trial the defendant offered proof of such fact and the petition in that case, but the evidence was not admitted. In *Engleken v. Webber,* 47 Iowa, 558, and in *Ennis v. Shiley,* 47 Iowa, 552, we held that it was competent to prove that damages covering the same period had

1. INTOXICATING LIQUOR: sale to husband: damages: evidence.

2. SAME.

been recovered of others, and reversed because such evidence was excluded. This was on the theory that the plaintiff had solemnly admitted injuries caused by others than the defendant during the same period, and hence the evidence was competent on the question of the injury actually inflicted by the acts of the defendant. But in the later cases of *Ward v. Thompson,* 48 Iowa, 588, and *Jackson v. Noble,* 54 Iowa, 641, we refused to extend the rule, and held that it was not competent to show merely that suit had been brought against another or the claim made in the petition filed therein. These later cases are controlling in the instant case, and the ruling was in harmony therewith. *Bellison v. Apland,* 115 Iowa, 599, does not go to the extent claimed by the appellant. In that case there was evidence tending to show that liquors were kept and used in the home, with the consent of the wife. Such being the case, we held the evidence of former suits against others competent on the question of the wife's good faith, and for the jury to consider in weighing her testimony. We find no testimony of the kind in this case, and the rule there announced is not applicable.

From what has already been said on the subject it is apparent that the court did not err in giving instruction 8, which related to the evidence touching the husband's habits long prior to the time covered by this suit.

The difficult questions in the case are presented by the exceptions to instructions 11, 12, and 12½. Instruction 11 told the jury that the plaintiff was entitled to "a fair 3. DAMAGES FOR and reasonable support from the property and ILLEGAL SALE labor of her husband," and that, if she had OF LIQUOR: instructions. not received such support because of the acts of the defendant, she was damaged and could recover. The instruction further directed the jury to determine from all of "the circumstances of the case" the fair and reasonable support to which the wife was entitled. In the twelfth instruction the court again instructed that, if the plaintiff had not received the support to which she was entitled, she

could recover. Both instructions are assailed because they allowed a recovery for damages to " plaintiff's support or the means thereof," while the Code uses the language " means of support," and further because they do not state the correct rule of damages. The first objection is frivolous, and requires no further consideration.

That the measure of the plaintiff's recovery is not clearly and concisely stated must be admitted. She is entitled to recover for only what she has been deprived of by the defendant's act. Bellison v. Apland, *supra;* *Dunlavey v. Watson,* 38 Iowa, 398; *Flint v. Gauer,* 66 Iowa, 696; *Jewett v. Wanshura,* 43 Iowa, 574. And the instruction would better have so stated in concise and unambiguous language. But, notwithstanding this, we should not feel like reversing the case because of these instructions, for under the evidence it is fairly apparent that the jury could not have understood them to mean more than that the plaintiff was entitled to recover for the loss of support occasioned by the defendant's acts.

Instruction 12½ told the jury that if the intoxication of plaintiff's husband, caused by the defendant, impaired his ability to secure or hold remunerative employment, and that

**4. Double damages: instruction.** the plaintiff was injured in her means of support thereby, she would be entitled to recover damages therefor, in addition to the damages allowed under instructions 11 and 12. There can be no question but what this instruction permitted the jury to assess double damages for the act of the defendant, and was prejudicially erroneous. Instruction 11 and 12 had already directed the jury to allow all damages to the plaintiff's support or means thereof caused by the defendant's sale of liquors to him, and they covered all damages allowed by the statute. Furthermore, the testimony showed that one element of such damage was the husband's failure to secure and hold positions because of his intemperate habits, and that, when not drinking, he was a competent and valuable employé. Loss of

future support was not an issue in the case, nor does the instruction under consideration seem to refer thereto.

It therefore clearly and unmistakably permitted double damages in addition to exemplary damages, and because thereof the judgment must be and it is *reversed.*