## CHURCH v. HIGHAM.

1. **Intoxicating Liquors**: SALE TO A PERSON INTOXICATED. Any citizen of the county may institute an action under section 1539 of the Code for a forfeiture to the school fund against one who sells intoxicating liquors to a person in the habit of becoming intoxicated.

2. ———: ———: PRACTICE. It is too late to raise the objection for the first time in the Supreme Court that the petition fails to show the action was commenced by a citizen of the county.

3. ———: GIVING TO AN INTOXICATED PERSON. The section applies as well to the giving as to the sale of liquors to an intoxicated person.

4. ———: ———. The fact that the person selling or giving the liquors did not know the person receiving them was intoxicated does not relieve him from liability.

*Appeal from Jasper Circuit Court.*

SATURDAY, OCTOBER 21.

THE plaintiff commenced this action before a justice of the peace, claiming of defendant, for the use of the school fund, the sum of one hundred dollars, for selling and giving intoxicating liquors to one John Manning, who was at the time intoxicated. The justice rendered judgment for one hundred dollars and costs. The cause was appealed to the Circuit Court, where the same judgment was rendered. The court submitted a finding of facts, as follows:

"1. That plaintiff is a citizen of Jasper county, Iowa, but he is neither a district attorney, nor an attorney for the county, and neither of said officers has ever authorized him to prosecute this suit, nor has the board of supervisors of said county.

"2. That on or about the 25th day of July, 1874, the defendant was the owner of and keeping a saloon for the sale of wine and beer in the town of Colfax in said county.

"3.   That at said date, one Kersey was the acting agent of defendant, was in his employ, operating and keeping said saloon, and while thus engaged, gave and sold over the counter thereof spirituous or intoxicating liquors, to-wit: lager beer, to one John Manning, who was at the time intoxicated, and was also in the habit of becoming intoxicated.

"4.   That it is not shown whether the beer thus furnished to said Manning by defendant was or was not paid for, nor is it shown whether or not the defendant at the time had knowledge that said Manning was a person in the habit of becoming intoxicated, but I find that defendant's said agent knew at the time that Manning was intoxicated."

Upon the foregoing facts the court based the following conclusions of law:

"1.   The plaintiff can rightfully prosecute this suit on his own motion.

"2.   That it is immaterial whether the defendant had knowledge that Manning was a person in the habit of becoming intoxicated.

"3.   That the defendant having furnished such person intoxicating liquors, knowing that he was at the time intoxicated, thereby committed an illegal act, and became liable to the penalty as provided in section 1539, of the Code of Iowa."

The defendant appeals.   The court gave the certificate prescribed in section 3173 of the Code.

*Smith & Wilson*, for appellant.

*A. K. Campbell*, for appellee

DAY, J.—I.   It is claimed that D. W. Church has no right to bring this action; that the treasurer of Jasper county, for the school fund, is entitled to the forfeiture, and that this authorizes him to sue to the exclusion of every one else.   The obvious answer to this is, that section 1539 of the Code, which declares the forfeiture, provides that it may be collected by action by any citizen of the county.

1. INTOXICAT-ING Liquors: sale to a person intoxicated.

II.   It is next urged that the petition does not show that

Church v. Higham.

the action was commenced by a citizen of Jasper county. If the petition is so defective the objection should have been made by demurrer, or motion in arrest of judgment. The objection cannot for the first time be made, in this court. Code, section 2650.

2. ——: ——: practice.

III. Appellant urges that section 1539 of the Code prohibits simply a sale of intoxicating liquors to a person intoxicated, and that a sale in fact must be proven. Section 1554, however, provides that "courts and jurors shall construe this chapter so as to prevent evasions, and so as to cover the act of giving as well as selling, by persons not authorized." Wherever the act of giving is expressly prohibited, it may be punished without this section. Unless this section applies to and covers cases in which there is an omission to provide against the act of giving, it is entirely inoperative and applies only to cases which do not need its aid. We think this section requires us to construe section 1539 as applying to the case of giving intoxicating liquors to an intoxicated person.

3. ——:giving to an intoxicated person.

IV. It is urged that the finding of facts nowhere shows that defendant knew of the sale, or that Manning was intoxicated. Knowledge of the intoxicated condition of a person to whom the sale is made constitutes no element of the act prohibited. It is made penal to sell to a person intoxicated. The person selling must know at his peril whether he may, in a given case, sell with impunity. See *Jamison v. Burton*, 43 Iowa, 282. Nor is knowledge of the defendant that this sale was made material. Defendant owned the saloon, kept wine and beer for sale, and Kersey, who made the sale, was the acting agent of defendant. Under section 1539, it is unlawful for any one to sell, by agent or otherwise, intoxicating liquor to an intoxicated person.

4. ——: ——:

AFFIRMED.