## JOHNSON v. THE C., R. I. & P. R. Co.

1. **Practice in the Supreme Court**: ADDITIONAL ABSTRACT. An appellant is not allowed to file with his reply an additional abstract of evidence.

2. **Evidence**: MOTION TO SUPPRESS DEPOSITION. Exceptions to the cross-examination in a deposition, on the ground that it is not proper cross-examination, must be in the form of a motion, filed by the morning of the second day of the first term after the deposition has been filed.

3. **Damages**: WHEN PUNITIVE ARE CLAIMED: PLEADING. Where a party intends to prove malice, to affect damages, he must expressly aver the same.

4. **Railroads**: WAITING ROOMS. The waiting rooms of a railway station are for the use of incoming and outgoing passengers, and, while one not entering there as a passenger, or on business with the company, is not a trespasser, yet, upon a request by an agent of the company to leave, it is his duty to do so, and upon his refusal to go it is the right of the agent to eject him, using no more force than is reasonably necessary.

*Appeal from Wapello District Court.*

FRIDAY, APRIL 25.

THE plaintiff alleged that he purchased of the defendant's agent at Fairfield a ticket to Eldon, on the line of defendant's road; that he took defendant's train, expecting to make connection at Eldon with a train going east on the Keokuk & Des Moines Railroad; that upon his arrival at Eldon he was

too late to make the connection desired, and that he repaired
to defendant's waiting room to await the arrival of a train on
said Keokuk & Des Moines Railroad, said waiting room being
open for the accommodation of passengers; that while await-
ing said train one E. A. Stone, the ticket agent of defendant
at Eldon, and in charge of the station, ordered plaintiff out
of the depot, and because he hesitated in going, and told him
he was waiting for a train, said Stone struck plaintiff with a
club, or some other instrument, and threw him out of said
depot, breaking plaintiff's shoulder and collar bone, and
inflicting on him great and permanent injuries, from which
he has not and never will recover; that plaintiff was con-
ducting himself in a becoming manner, and did nothing
to contribute to his injury; and that by said injuries by him
received, through the negligence, carelessness and wrong of
said agent, he has been damaged, in pain of body and mind
and inability to earn a living, in the sum of ten thousand
dollars; that defendant was informed of the wrong done
plaintiff by said agent, and still keeps him in its employ,
thus ratifying and approving his acts.

There was an answer denying generally the allegations of
the petition. There was a trial by jury. A verdict was
returned for the plaintiff for two thousand dollars, upon which
a judgment was rendered. Defendant appeals.

*Stiles & Burton,* for appellant.

*W. H. C. Jacques* and *Wm. McNett,* for appellee.

ROTHROCK, J.—I. We have been furnished with three
abstracts in this case. First, we have the abstract prepared
by appellant; next, the additional abstract of
appellee; and lastly an additional abstract by
appellant, which was filed with the argument in
reply after the cause was submitted. This additional abstract
is not entitled to consideration excepting so far as it contro-
verts the correctness of appellee's abstract. To allow an

1. PRACTICE in
the supreme
court: addi-
tional abstract

appellant to file an abstract of evidence with his argument in reply, in addition to a violation of the rules of practice, would give him such an advantage in the submission of the cause as cannot be allowed.

II. That the plaintiff was considerably injured in some way, admits of no question; all the evidence tends to show that

2. EVIDENCE: motion to suppress deposition.

fact. That he was removed from the waiting-room in the depot by Stone, the defendant's agent, is also conclusively shown. It is alleged in the petition that Stone struck the plaintiff with a club or some other instrument, and threw him out of the depot, breaking plaintiff's shoulder and collar-bone. In his examination in chief plaintiff stated that Stone struck him with a stick, and that it made a black spot on him. In his cross-examination he stated: "I don't know whether he struck me with the stick or his hand."

No witness stated that plaintiff was struck with anything. Four witnesses for the defendant testified in substance that the plaintiff was not struck by Stone, nor by any one, and that he was removed from the waiting-room, after being requested to leave, because he was disorderly, drunk and profane, and that no more force was used than was necessary to effect his removal. It was, therefore, an important question in the case to determine in what manner and by whose hands the injury upon the plaintiff was inflicted. The plaintiff took the deposition of Dr. R. J. Mohr, the physician who attended him for the injury. In his examination in chief he described the injury and the extent thereof, and his manner of treatment. In cross-examination he was asked these questions:

"State what he said as to how he received his injury."

Objected to because not confined to any conversation inquired about by plaintiff.

*Answer.* "I think, as I understood him, he was down at Eldon waiting for a train, when some rowdies or roughs pushed him off the platform, and pushed him down, and he fell on

his shoulder, which produced the injury. That is the way I understood it at the time."

"State if anything was said as to its being done by parties whom he thought were going to rob him. If so, what?"

(Same objection as before.)

*Answer.* "Well, that's the impression I have; that's the understanding I had from the conversation at the time."

This deposition was filed in the clerk's office on the 26th day of January, 1877. At the January Term, 1878, after the case was called for trial, the plaintiff filed a motion to suppress the above cross-examination, for the same reasons as set out in the deposition.

During the progress of the trial the court sustained said motion and suppressed the interrogatories and answers above set forth. Exceptions were taken by defendant, and this ruling is now assigned as error.

The motion was made about one year after the deposition was filed. One term of court had intervened. The motion was not made in time and should have been disregarded. Exceptions to depositions, other than for incompetency or irrelevancy, must be made by motion, filed by the morning of the second day of the first term held after the depositions have been filed by the clerk. Code, § 3751. The mere noting of an objection on the deposition at the time it was taken was not sufficient. A motion is required, and it is defined to be a written application for an order addressed to the court. Code, § 2911. The objection made to the part of the deposition which was suppressed was not that it was immaterial or irrelevant, but that it was not cross-examination.

It is now urged by counsel for appellee that the evidence was immaterial because the record shows that the conversation in question was had by one Shinblom and not by plaintiff, and herein appellant disputes the correctness of appellee's abstract. An examination of the transcript and original deposition shows that while it is true Shinblom made

the statements he did it as the interpreter of the plaintiff, who is a foreigner, not versed in the English language.

It is further urged that no prejudice resulted from suppressing the deposition. In view of this point, we have given above the substance of the evidence as to the manner of the expulsion of the plaintiff from defendant's depot. It may be that this additional evidence from plaintiff's own mouth as to the way in which he received the injury, and contradictory of his testimony as a witness and his claim made in the petition, would not have been sufficient to satisfy the jury that the act of the agent of the defendant was not wrongful, but whether it would have had this effect or not it was the defendant's right to use it for that purpose.

III. The court, in its twelfth and thirteenth instructions, informed the jury that the plaintiff claims exemplary or punitive damages, and stated the law governing the allowance of such damages. This was error. The plaintiff does not allege that the acts of defendant's agent were done in malice, and without this exemplary damages cannot be recovered. Whatever may have been allowable heretofore, the rule now is that when the party intends to prove malice to affect damages he must aver the same. Code, § 2727.

3. DAMAGES: when punitive are claimed: pleading.

IV. For the same reason the letters of the plaintiff's attorney to the general superintendent of the defendant, and the answer thereto by the general solicitor, should have been excluded. They were admitted as tending to show the approval of the géneral officers of Stone's acts, and as laying the foundation for exemplary damages.

These letters were objected to as incompetent and immaterial, and the objection should have been sustained. They should not have been admitted for another reason. The letter of plaintiff's counsel to the general superintendent contained this statement: "Your agent hit him (plaintiff) with a pitchfork handle or other club, and knocked him out of the room." There was no evidence in the case verifying this

statement, and the court should not have allowed the letter to go to the jury.

V. The counsel for appellee make the point that the grounds of the exceptions to the instructions were not stated. All the exceptions to the instructions were made in a general way at the time the instructions were given. When an exception is made at this time, no reason need be given therefor. Code, § 2787.

Other errors are assigned, but we need not discuss them. They are for alleged erroneous instructions to the jury, and

4. RAILROADS: waiting rooms. for errors in admitting certain evidence at an improper time during the trial. It may, however, be proper to say, in view of a new trial, that all the evidence shows that plaintiff, after his arrival at Eldon, had left the defendant's waiting room, and after visiting several saloons, and drinking intoxicating liquors, he returned, not for the purpose of waiting for a train on defendant's road. Under these circumstances he was a stranger to the defendant. It owed him the same duty it did the general public, and no other or greater.

The court should have instructed the jury, in plain and unmistakable language, that when the plaintiff returned to the waiting room, if he was noisy, drunken and profane, or otherwise disorderly, it was the right and duty of the station agent, upon his refusal to leave the room, to remove him, using no more force than was reasonably necessary for that purpose. Indeed, we think the court may have very properly instructed the jury that the waiting room was for the accommodation of incoming and outgoing passengers, and not a place of resort for the general public; and that while one not entering them as a passenger or on business with the company is not a trespasser, yet upon a request to leave it is his duty to do so, whether disorderly or not, and that upon his refusal to go it is the right of the agent to eject him, using such force as is reasonably necessary.

REVERSED.