## HUGGINS v. KAVANAGH.

1. **Intoxicating Liquors:** EVIDENCE: DAMAGES. In an action by a wife to recover damages for injury to her means of support, by the sale of intoxicating liquors to her husband, evidence of the number and ages of her children is not admissible to affect the amount of damages.

2. ——: DAMAGES: INSTRUCTION. Where it is sought to recover for a series of sales a defendant can only be held liable for injuries to which he contributed, and an instruction charging the jury that, if they were unable to separate the damages to which the defendant contributed from those to which he did not, the defendant would be liable for the whole amount of injury, was held erroneous.

*Appeal from Polk District Court.*

TUESDAY, DECEMBER 2.

THE petition contains several counts, and it is therein stated in substance that the defendant sold to the husband of the plaintiff, at various times between September, 1875, and March,

1877, intoxicating liquor whereby he became intoxicated, and thereby the plaintiff and her family were injured in their means of support. There was a general denial of the allegations of the petition, trial by jury, verdict and judgment for plaintiff, and defendant appeals.

*B. A. Williams* and *Smith & Baylies*, for appellant.

*M. D. McHenry & Son* and *Barcroft & Given*, for appellee.

SEEVERS, J.—I. Against the objection of the defendant the plaintiff was permitted to introduce evidence showing the num-

1. INTOXICA-ting liquors: evidence: damages. ber, ages and sex of her children. The object and purpose in the introduction of this evidence must have been to affect the question of damages. The thought, no doubt, was that the extent of the recovery depended, at least somewhat, upon the number, age and sex of the children. We do not believe such is the law.

The statute gives a right of action to every child injured in its means of support as well as to the wife. Code, § 1557. As each has a right of action neither can recover for the damages sustained by the other. Nor can the plaintiff's damages be increased because she has a large number of children, or diminished because she has none; for her right to recover is based on the loss of means for her support and not for the support of her children.

The court below seems to have been of this opinion, because the jury were instructed that the plaintiff could " not recover anything in this action on account of her children." It is difficult, therefore, to see why the evidence was admitted. Possibly the ruling was based on *Ward v. Thompson*, 48 Iowa, 588. But the ground upon which it was held the admission of the evidence in that case was justifiable did not exist in this, and the rule established should not be extended, as we think the cited case went to the verge, and beyond which we are unwilling to go.

Whether the instruction cured the error in the admission of the evidence we do not determine, as it is unnecessary to do so.

II.  The court instructed the jury as follows: "If you find from the evidence that the plaintiff has been damaged by the

2. ——: damages: instruction.  intoxication of her husband within the time stated in the petition, that such intoxication was, on some occasions, caused or contributed to by defendant, and on other occasions his intoxication was not caused or contributed to by the defendant, then, if you can do so from the evidence, you should apportion her entire damages so as to find only against the defendant for damages sustained by her which were caused or contributed to by him; but if you cannot, from the evidence, separate the damages sustained by the plaintiff, caused or contributed to by defendant, then she will be entitled to recover for all damages that the evidence shows she has sustained.

It is not alleged in the petition that the damages are the result of a single sale or act of intoxication, but on the contrary it is stated there were a series of sales, covering a considerable period of time.  Under such circumstances it has been held that a joint action will not lie against several wrong doers. *La France v. Krayer*, 42 Iowa, 143.  From this it follows that a "settlement with one does not bar an action against another." *Jewett v. Wanshura*, 43 Id., 574; and in *Engleken v. Webber*, 47 Id., 558, it was in substance held that the defendant was not liable for damages to which he did not contribute.

This seems to be the thought of the instruction: Unless the jury are unable to separate the damages to which the defendant contributed from those to which he did not, then he is liable for the whole, no matter how small the damages may be to which he did contribute, when compared with the whole amount the plaintiff is entitled to recover.

We do not believe this is the law.  If it is, then a new rule, applicable to this class of cases alone, must be established.  For this there is no warrant in the statute, and on principle or authority it cannot be maintained.  The illustration in the opinion on rehearing in *Engleken v. Webber*, of the trespassing stock, fairly presents and illustrates the question under discussion.  It may be difficult to ascertain the exact amount of damages each wrong doer should pay, but this does not constitute a sufficient reason for making one pay damages for an

act to which he did not contribute. The defendant was liable for all damages to which he contributed and not for those to which he did not, and an instruction to this effect was all to which plaintiff was entitled. All else was for the jury.

REVERSED.