## THE STATE OF IOWA,

### · DES MOINES, JUNE TERM, A. D. 1881.

IN THE THIRTY-FIFTH YEAR OF THE STATE.

---

PRESENT:

HON. AUSTIN ADAMS, CHIEF JUSTICE.
" WILLIAM H. SEEVERS,
" JAMES G. DAY,        } JUDGES.
" JAMES H. ROTHROCK,
" JOSEPH M. BECK,

---

## WELCH v. JUGENHEIMER.

1. **Evidence:** DAMAGES: SALE OF INTOXICATING LIQUORS. In an action by a wife to recover damages for injuries caused by the sale of intoxicating liquors to her husband evidence to show that the husband when intoxicated used ·abusive language toward his family is inadmissible, it not being shown that the plaintiff's health was affected thereby. Following *Calloway v. Laydon*, 47 Iowa, 466.

2. ——: ——: ——. Evidence showing the number and ages of the plaintiff's children is also inadmissible to affect the amount of damages in such an action.

3. ——: ——: ——. The admission of immaterial and incompetent evidence held prejudicial error.

4. **Intoxicating Liquors**: DAMAGES FOR SALE OF: WHEN RECOVERABLE. The sale of intoxicating liquors to a husband does not give the wife a right of action against the seller, under the statute, unless such liquor causes, or contributes to, the husband's intoxication.

5. ——: ——: ——. Damages are recoverable for the giving of liquor to one who is at the time intoxicated, or in the habit of becoming intoxicated, the same as though the liquor was sold.

6. **Evidence**: OF CRIMINAL ACT: DEGREE OF PROOF REQUIRED. In a civil action to recover damages for an act which is also indictable as a crime such fact does not render necessary a higher degree of proof, a preponderance of evidence, only, being necessary to establish the cause of action. *Barton v. Thompson*, 46 Iowa, 30, *overruled*. Whether the same rule would be applicable to cases of slander and libel, where a crime is charged and justification pleaded, *quære*.

*Appeal from Washington Circuit Court.*

THURSDAY, APRIL 21.

THIS action was instituted against William Jugenheimer and William Jugenheimer, Jr., to recover damages for the selling of beer to her husband, Clay Welch, a person, as is alleged, in the habit of becoming intoxicated, and intoxicated at the time of the sales. Pending the trial the plaintiff dismissed her action as to William Jugenheimer, Jr. The trial resulted in a verdict and judgment in favor of the plaintiff against the other defendant for $500 and costs. The defendant appeals.

*Ed. W. Stone* and *Wilson & Kellogg*, for appellant.

*McJunkin & Henderson*, for appellee.

SEEVERS, J.—I. Against the objection of the defendant the plaintiff was permitted to testify, respecting her husband, as follows:

"*Question*. State how did he treat the family when in this condition; what maltreatment you received?"

*Answer.* "Not very good. He would come home and if everything, both his work and mine, was not done all up, he would curse and abuse the family. I was compelled to get up out of bed at a late hour and do work of any kind while he was in that condition. Sometimes, if I did not have wood plenty, he would growl about it, and curse and swear that he had left me there to do the work, and wanted to know why I did not do it." Another witness was permitted to testify as follows:

1. EVIDENCE: damages: sale of intoxicating liquors.

*Question.* "Now state if at any time when in this condition, you saw him abuse his family?"

*Answer.* "I could not hardly say; I can only say he was cross and ugly."

Another witness was allowed to testify as follows: "When he is intoxicated he is pretty cross to his family, and when he aint intoxicated, he is as good as the common run of men to his family. When he is intoxicated, he will cuss his family and jaw his wife. Once down at his mother's before she had the conversation with Jugenheimer, the defendant, I was present; they wanted to go home, and he cussed her and told her to get her shawl or he would go off and leave her." Other testimony of like character was admitted. It was all inadmissible under the rule recognized by this Court in *Calloway v. Laydon*, 47 Iowa, 456. There was no evidence whatever that the abusive language and conduct referred to tended in any way to impair the plaintiff's health.

II. The plaintiff was also permitted against the defendant's objection to testify as follows:

*Question.* "Now, you may state to the jury how many members in the family you have, and their ages, that is, the ages of your children?"

*Answer.* "One. She will soon be three years old; she will be three years old in February." This testimony was improperly admitted under the rule established by this court in *Huggins v. Kavanagh*, 52 Iowa, 368, and *Weitz v. Ewen*, 50. Id., 34.

2. ——:——.

III. Against the objection of the defendant the plaintiff was also allowed to testify as follows, with reference to her husband:

*Question.* "What did he say, if anything, about attending and helping you in the case?"

*Answer.* "Why, he said he would never do that; he demanded his fees, and I did not have them for him, and he told me that I might take the papers back, that he would not take them; he would not take the copy. He said if he was fetched up he would go against me; he said he never would have anything to do with it, and if he was fetched up he would go against me. Yes, I worked for some of the provisions, dresses, and so on; I do not remember that he furnished anything, but he might."

This testimony is not relevant to any issue in the case. Its only effect would be to create an undue sympathy for the plaintiff on the part of the jury, and thus unfit them in a measure for a calm, cool and dispassioned consideration of the case. The evidence should not have been admitted.

IV. The evidence shows that the defendant's brewery is situated outside the corporate limits of the city of Washington. The plaintiff was permitted to introduce an ordinance of the city of Washington prohibiting the sale of beer within the corporate limits, and also to prove that no license had been issued for the sale of beer in the city. It is insisted by the appellee that this testimony was admitted to rebut the claim of the defendant that the plaintiff's husband procured the beer, causing the injuries complained of, in the city of Washington. The evidence, we think, was not competent for this purpose. It could have no effect upon the issues in this case except upon the presumption that persons within the corporate limits would not violate the ordinance, and that, therefore, the law must have been violated by the defendant. There can be no presumption that persons within the corporate limits are more law abiding than those without.

V. The court instructed the jury as follows: "If you find

from the evidence that defendant did sell beer to plaintiff's husband within the two years prior to August 14, 1879, and you further find from the evidence that at the time of such sale or sales, as the case may be, the plaintiff's husband was either intoxicated, or was then a person in the habit of becoming intoxicated, and the plaintiff has shown that she has been damaged thereby in her person, property, or means of support, then she may recover such actual damages thus sustained, as shown by the evidence. And in addition thereto you may, if you think proper, allow vindictive or exemplary damages."

**4. INTOXICATING liquors: damages for sale of: when recoverable.**

This instruction is erroneous. Section 1557 of the Code gives to the wife who shall be injured in person, property, or means of support by her intoxicated husband, or in consequence of his habitual intoxication, a right of action against any person who shall, by selling intoxicating liquors to her husband, cause his intoxication. The mere selling of intoxicating liquors to a person intoxicated, or in the habit of becoming intoxicated, does not of itself confer the right of action. In order that a right of action may exist the liquor sold must cause, or contribute to, intoxication, and the wife must sustain some injury by the intoxication. It is apparent that if the plaintiff's husband bought beer from the defendant, the plaintiff may have been damaged to the extent of the price paid and the value of the time spent at the defendant's brewery, although the beer so bought may not have contributed to his intoxication, and may not have been drunk by him. This instruction would allow a recovery under just such a state of facts. Under the instruction it is not made essential to a recovery that the beer sold should have caused, or contributed to, intoxication.

VI. The defendant assigned as error the giving of the following instruction:

"The Statute also provides that courts and juries shall construe the law hereinbefore recited so as to cover the act of giving, as well as selling, by per-

**5. ——: ——: ——.**

sons not authorized." It is claimed that section 1554 of the Code containing this provision is not applicable to the act of giving intoxicating liquors to a person intoxicated or in the habit of becoming intoxicated. This question was determined adversely to the position of appellant in *Church v. Higham,* 44 Iowa, 482.

VII. The defendant asked the court to instruct the jury that it is a violation of the criminal statutes for a person to

6. EVIDENCE : of criminal act : degree of proof required.

sell or give to another, while intoxicated, any intoxicating liquors, and that the jury must be satisfied beyond a reasonable doubt that the defendant so did, before they would be warranted in finding against him. This instruction was refused and the jury were instructed that a preponderance of the evidence was sufficient to enable the plaintiff to recover. This action of the court is assigned as error. *Barton v. Thompson,* 46 Iowa, 30, was a civil action to recover damages for willfully and maliciously setting fire to certain stacks of wheat, and it was held that the plaintiff must satisfy the jury beyond a reasonable doubt that the allegations in the petition were true, before he could recover. The correctness of this decision has been questioned by counsel in several cases which have been before us, and authorities cited which were not before us when that case was determined. It is proper, also, to say that we were largely influenced in making the ruling in *Barton v. Thompson* because of the rule which this court at an early day had adopted in the actions of slander, it being regarded as doubtful whether a distinction could be drawn between such actions and any other civil action in which a crime is charged. A more careful examination of the books satisfies us that whatever may be the rule in actions of slander or libel, where a crime is charged and a justification is pleaded, the rule in *Barton v. Thompson* is in conflict with the weight of authority and cannot be sustained on principle, and is, therefore, overruled. That the authorities are conflicting must be conceded. The doctrine that where a criminal act is charged in

a civil action it must be established beyond a reasonable doubt before there can be a recovery is approved in 2 Greenleaf on Evidence, § 408, Taylor's Ev., 97, and Bishop on Marriage and Divorce, § 644. It it disapproved in 2 Wharton on Ev., § 1246, Cooley on Torts, 208, and Proffatt on Jury Trials, § 335.

The only case cited by Greenleaf in support of the rule is *Thurtell v. Beaumont*, 8 Eng. Com. Law., 531; 1 Bing., 339. This case was decided in 1823, and we are not aware that it has been followed by the courts of England. In relation thereto it has been said: "The decision on this point in *Thurtell v. Beaumont* was made on application for a rule, and without much consideration. It has never received approbation in the English courts, although as a rule of evidence occasions have repeatedly arisen for its adoption and application." Depere, J., in *Kane v. Hibernia Ins. Co.*, (N. J.) 17 Am. Law Reg. (N. S.), 293.

Leaving out of view for the present actions of slander and libel, the following cases should be regarded as adhering to the rule adopted in *Thurtell v. Beaumont, supra; Thayer v. Boyle*, 30 Me., 475; *Butman v. Hobbs*, 35 Id., 228; *McConnell v. Mutual Ins. Co.*, 18 Ills., 28; *Pryce v. Security Ins. Co.*, 29 Wis., 270, and *Freeman v. Freeman*, 31 Wis., 235. The following cases have been cited as also adhering to the rule. *White v. Comstock*, 6 Vt., 405; *Brooks v. Morse*, 10 Id., 37, and *Riker v. Hooper*, 35 Id., 457, but as these actions were brought to recover statutory penalties there is some doubt whether a rule applicable to them should prevail in civil actions brought to recover damages.

In the following cases the rule aforesaid is disapproved: *Washington Union Ins. Co. v. Wilson*, 7 Wis., 169; *Blaiser v. The Milwaukee Mechanics Ins. Co.*, 37 Wis., 31; *Knowles v. Scribner*, 57 Me., 495; *Hoffman v. Western Ins. Co.*, 1 La. An., 216; *Schmidt v. Ins. Co.*, 1 Gray, 529; *Bissel v. West*, 35 Ind., 54; *Young v. Edwards*, 72 Penn. St., 267; *Ins. Co. v. Johnson*, 11 Bush, 587; *Rothschild v.*

*Ins. Co.*, 62 Mo., 356; *Munsen v. Atwood*, 30 Conn., 102; *Elliot v. Van Buren*, 33 Mich., 49; *Bradish v. Bliss*, 35 Vt., 326; *Kane v. Hibernia Ins. Co.*, before cited.

In some of these cases instructions were approved which required more evidence to enable the plaintiff to recover when the cause of action was based upon a crime than in other civil actions because of the presumption of innocence which prevails in all cases. ' That is, the evidence must so far preponderate as to overcome such presumption. But the rule that a preponderance is sufficient still remains intact, for the ruling only amounts to this: that the preponderance of the evidence must be sufficient to overcome not only the other evidence but the presumption of innocence, such presumption being regarded as an established fact to be overcome, as are other facts; and this, we think, must be so.

The rule that guilt must be established in a criminal action beyond a reasonable doubt was engrafted on the common law because of a tenderness for, and in favor of, persons charged with crimes which affected their lives and liberties, at a time when the criminal law was harshly administered, and cruel and harsh punishments were inflicted for slight and trivial offenses. It has been retained when in a great measure the reason for its adoption has ceased. A conviction for a crime is followed by penal consequences affecting the life and liberty of the person charged. Not so in a civil action. And the general rule in this class of actions is that the rights of the parties must be determined by a preponderance of the evidence. In criminal actions the good character of the person charged may be shown as a defense, and it may entitle him to an acquittal. *The State v. Northrup et al.*, 48 Iowa, 583. While in civil actions no such rule obtains, nor can, unless in exceptional cases, the good character of the person charged with a crime be shown. *Bays v. Herring*, 51 Iowa, 286; 1 Greenleaf on Ev., § 54.

As the rule in criminal actions is that the evidence must establish the guilt of the person charged with crime beyond

a reasonable doubt, and the rule in civil actions is that a preponderance of the evidence is sufficient to enable the injured party to recover whatever damages he has sustained because of the alleged criminal act, it cannot be said a recovery in the latter has the force and effect of a conviction in a criminal action in so far as it tends to degrade the person against whom the recovery is had, because he has not been found guilty of any crime as required by the laws of the land. Therefore it is that it has been well said there may be a recovery in a civil action, although the alleged crime on which the action is based has not been established.

As the consequences which follow a recovery in a civil action are so materially different from those which follow a conviction in a criminal action, and as the reason for the establishment of the doctrine of reasonable doubt has no application to civil actions, we do not think the rule should be extended to the latter, unless slander and libel, when a crime is charged and justification pleaded, constitute an exception. In one or more of the above cited cases it is said this is so. Whether such conclusion is well grounded we are not agreed, and, as it is unnecessary to determine it at this time, we do not do so. We deem it proper, however, to call attention to the fact that it was held in *Bradley v. Kennedy*, 2 G. Greene, 231; *Forshee v. Abrams*, 2 Iowa, 571; *Fountain v. West*, 23 Id., 9, and *Ellis v. Lindley*, 38 Id., 461, that in such actions a plea of justification charging a crime must be established beyond a reasonable doubt. The opinion in *Fountain v. West* was written by Dillon, J., but in *Scott v. Home Ins. Co.*, 1 Dillon, 105, in which case it was pleaded as a defense that the plaintiff had set fire to and caused the building insured to be burned, the jury were instructed that the doctrine of reasonable doubt did not apply. The rule held in the cases above cited in this State is the direct opposite to that held in *Elliott v. Burrell*, 60 Me., 209; *Folsom v. Brown*, 5 Foster, 114, *Matthews v. Huntly*, 9 N. H., 146, and *Kincaid v. Bradshaw*, 3 Hawks (N. C.), 63, and this latter rule is

said to be correct in Cooley on Torts, 208. In our opinion the Circuit Court did not err in refusing the instruction asked, and in instructing as was done.

For the errors before considered the judgment is

REVERSED.