JONES v. MARSHALL.

1. **Damages**: WHEN EXEMPLARY ARE RECOVERABLE: PLEADING. In an action to recover for the wrongful dispossession of the plaintiff of a dwelling house exemplary damages can only be recovered where malice is alleged and proved; such allegation must be made in the petition, and is insufficient in a reply.

*Appeal from Clayton District Court.*

FRIDAY, OCTOBER 21.

ACTION to recover damages for forcibly dispossessing plain, tiff of her dwelling house and removing her household goods therefrom. Issue having been taken upon the allegations of the petition there was a trial by jury, which resulted in a ver- ·dict and judgment for the plaintiff for $250. Defendant ap- peals.

*L. O. Hatch*, for appellant.

*James O. Crosby*, for appellee.

ROTHROCK, J.—It appears from the evidence that the de- fendant as agent of the owner of a dwelling house leased the

1. DAMAGES: same to the plaintiff, at a rental of $2.50 per
when exem-
plary are re- month. · The defendant claimed that the plaintiff
coverable:
pleading. was by the terms of the contract bound to pay
the rent monthly in advance, and that she failed to make such payments, and that the tenancy expired. The defendant gave the plaintiff three days notice to quit, and sometime thereafter he procured from a justice of the peace a writ of possession or order of removal to be issued to a constable, who unlocked the house in the absence of plaintiff and re- moved her goods. The plaintiff returned and went into the house, and said that if she went out she would have to be car- ried. Thereupon the constable with some assistance re-

moved her from the house by gently carrying her in the chair in which she was sitting, without touching her person.

The court instructed the jury that if they found for the plaintiff and that the defendant acted oppressively or maliciously they should give the plaintiff exemplary damages. It is provided in Sec. 2727 of the Code that, "when the party intends to prove malice to affect damages he must aver the same." There is no allegation in the petition to the effect that the acts of the defendant were done in malice, and we think no exemplary damages were proper without such allegation. If the defendant in good faith believed he had the right to take possession of the house by the means he employed for that purpose, he cannot be held liable for exemplary damages. It was, therefore, necessary to aver and prove to the satisfaction of the jury that his acts were maliciously done, in order to charge him in any amount exceeding actual damages. *Johnson v. C., R. I. & P. R. Co.,* 51 Iowa, 25.

It is averred in a reply to the answer that the acts of the defendant were done in "wanton violation of the law." If it should be held that this was a sufficient allegation that the defendants' acts were malicious, it should have been set up in the petition. Claims for damages should be made in the petition or some amendment thereto, and not in the reply.

Objections are made to other instructions given by the court to the jury, and to the refusal to give an instruction asked by the defendant.

Without going into an examination of the instructions at length, we may say that as we read the evidence as to what transpired between the parties when the contract of lease was made, and the negotiations afterward as to the necessity for payment of the rent in advance, we are of the opinion that the court laid too much stress upon what is designated in the instructions as the "original contract." There were other facts which afterward transpired as to the necessity and obligation to pay the rent monthly in advance, which it appears to us should have been considered by the jury in determin-

ing the rights of the parties. We are not prepared to say, however, that these instructions were so prejudicial as to require a reversal of the case. For the error in the instruction as to exemplary damages, the judgment of the District Court will be.

REVERSED.