McCauley, J.
The original action in the common pleas was for slander. The slanderous words alleged in the petition were, “ He stole the horse without a doubt; there is so much evidence against him that it will convict him.”
The defendant, as a defense, alleged the truth of the defamatory words, and on the trial offered evidence tending to prove his defense.
Upon the trial the court charged the jury that to maintain this defense it must be proved beyond a reasonable doubt.
This instruction to the jury is assigned for error.
The cases in Ohio, bearing upon the correctness of this instruction, are Lexington Ins. Co. v. Paver, 16 Ohio, 324; Strader v. Mullane et al., 17 Ohio St., 624; Jones v. Greaves, 26 Id., 2; Lyon v. Fleahmann, 34 Id., 151; and Shaul v. Norman, 34 Id., 157.
The defamatory words, alleged in the petition, amount to a charge of felony.
Only one of the cases above referred to, 16 Ohio, 324, sustains the charge given in the common pleas. The other cases, while the rule of preponderance of evidence was held applicable in each of them, were all for misdemeanors or for fraudulent acts not amounting to criminal offenses.
The plain tendency of these cases, however, is to apply the rule of “preponderance of proof in all issues in civil cases.
A finding for the government against the citizen may be followed by deprivation of life or liberty, and hence the propriety of the rule that no such finding should be made *206 without the strong and clear proof required by tbe rule, beyond a reasonable doubt. But in a controversy between man and man, affecting nothing but a claim, or a defense to damages, and involving nothing but pecuniary or property interests, the reason of the rule wholly fails, and the parties should be on an equality as to the quantum of proof required to establish any material fact. The tendency of modern decisions in other states is to the view we have here taken. Kane v. Hibernia Ins. Co., 10 Vroom, 697; Welsh v. Jugenheimer, 56 Iowa, 11; Behrens v. Ins. Co., 58 Id., 26; Blazer v. Ins. Co., 37 Wis., 31; Thayer v. Boyle, 30 Me., 475; Elliott v. Van Buren, 33 Mich., 51; Cordon v. Parmelee, 15 Gray, 416; Folsom v. Brown, 25 N. H., 114; Bradish v. Bliss, 35 Vt., 326; Prather v. Mich. Mut. Life Ins. Co., The Reporter, vol. 7, 293.
The view we have taken of the question presented in the charge of the court, in the common pleas, requires a reversal of the judgment of that court, and we therefore take no notice of the error assigned, that the court erred in overruling a motion for á new trial, on the ground that the verdict was not supported by sufficient evidence.

Judgment reversed.