Marder, Luse & Co. v. Wright et al.

---

## MARDER, LUSE & CO. v. WRIGHT ET AL.

1. **Pleading**: PRACTICE: RELIEF LIMITED BY PETITION. Where certain relief is prayed upon allegations made in the petition, the plaintiff cannot be awarded different relief upon other allegations made in the reply, as it is not the office of a reply to state a cause of action. (Code, § 2665; and see cases cited in opinion.)

2. **Assignment for Benefit of Creditors**: CLAIM NOT FILED: SURPLUS IN ASSIGNEE'S HANDS. A creditor who has not filed his claim against the estate of an insolvent may doubtless reach, by proper proceedings, any residue of the assets remaining in the hands of the assignee, but to do so he must show that the claims filed have been paid.

*Appeal from Sac District Court.*

TUESDAY, OCTOBER 26.

THIS is an action in equity on three promissory notes executed by the defendants Wright and Bennett, and to enforce a vendor's lien on certain personal property. Judgment was rendered in the district court in favor of plaintiffs, against the makers of said notes, for the amount thereof; but they were denied any relief against defendant Schaller or the property, and they appealed.

*W. A. Helsell*, for appellants.

*Charles D. Goldsmith*, for appellees.

REED, J.—Plaintiffs alleged in their petition that the notes sued on were given for the price of the presses, type and

other printing materials in a printing office at Odebolt, Iowa, which they sold to the defendants Wright and Bennett, and that they have a vendor's lien on said property. They also alleged that defendant Schaller claimed some interest in the property, but that his interest was junior to their lien for the purchase money thereof, and, in addition to their prayer for judgment for the amount of the indebtedness, they asked that their lien on the property be adjudged superior to any interest of defendant Schaller therein, and that it be sold on special execution for the satisfaction of their debt.

Defendant Schaller answered, admitting that plaintiffs sold the property to his co-defendants, and that they gave the promissory notes sued on for the price thereof, but denying that plaintiffs have any lien on the property therefor; and he alleged that, after said sale by plaintiff, defendant Wright sold his interest in the property to defendant Bennett, and that subsequently to that transaction Bennett executed to Wright a chattel mortgage on the property to secure an indebtedness of $2,000. He also alleged that before the maturity of said indebtedness Wright assigned the promissory notes evidencing the same and said mortgage to the First National Bank of Chicago, and that he subsequently purchased the same from said bank, and that neither he nor the bank had any notice that plaintiff held a lien on the property; also that, after this purchase of said notes and mortgage, he foreclosed the mortgage by an action in the district court, and that the property was sold on special execution in said foreclosure proceedings to satisfy said indebtedness, and that he purchased the same at such sale.

Plaintiffs filed a reply, in which they alleged that the assignment of said notes and mortgage by Wright to said bank was made as collateral security for a debt he was owing the bank, and that, after said assignment was made, Wright made a general assignment of all his property for the benefit of his creditors, and that defendant was by the court appointed assignee of said estate, and qualified and entered

upon the duties of such trust, and that, while he was acting as such assignee, the bank turned over to him said notes and mortgage, together with a large number of other notes which Wright had assigned to it as collateral security; and they prayed that defendant be held to be a trustee of the property for their benefit, and that he be required to account to them therefor, and for judgment against him for the amount of their claim against Wright. The evidence shows that defendant received the collateral notes and mortgage from the bank after his appointment and qualification as assignee under Wright's general assignment. The real transaction between defendant and the bank was the purchase by the former of a promissory note given by Wright to the bank.

Wright had assigned to the bank, as collateral security, a number of notes, including those given by Bennett, and the mortgage securing the same, and when defendant purchased said note these securities were also turned over to him. He made the purchase in his individual capacity, and paid for the note with his own money. He subsequently realized from the foreclosure of the mortgage, and the sale of the other collaterals, more than the amount he paid the bank for said note. Plaintiffs have not claimed in this court that they have made any showing which entitles them to a judgment for the enforcement of a vendor's lien on the property; but the only claim urged by their counsel is that, as defendant realized out of the collaterals a sum in excess of the debt for the security of which they were pledged, he is answerable for the amount of such excess; and, as the deed of general assignment from Wright conveyed to him in trust for the creditors all the right and title of the assignor therein, he should now be compelled to account to the creditors therefor. There are very potent reasons, we think, why this claim cannot be allowed in this proceeding.

I. The relief demanded by this claim is entirely distinct from that demanded by plaintiffs in their petition. They

**1. PLEADING: practice : relief limited by petition.** claimed in their petition that they had a lien on the property for the purchase money, and that the interest of defendant in the property was subordinate to their lien; and they prayed for judgment for the enforcement of this claim. The claim now urged is that defendant be compelled to account to them for the money which they insist came into his hands as assignee of their debtor. It is true that the facts upon which this claim is based are pleaded in their reply. But the office of the reply, under our system of pleading, is to make an issue on the allegations of the counter-claim of the defendant, or to plead matter in defense or avoidance of the matters pleaded by way of defense in the answer. Code, § 2665. A plaintiff is not permitted to plead in his reply matters which are material only to the cause of action alleged in his petition. *Jones v. Marshall*, 56 Iowa, 739. Much less will he be permitted to recover on a distinct cause of action which is pleaded only in his reply. When an answer is filed, he may be awarded any relief consistent with the case made by the petition, or embraced in the issue made by the answer. Code, § 2855; *Wilson v. Miller*, 16 Iowa, 111. But he cannot be awarded an entirely different judgment from that prayed for in the petition. *Lafever v. Stone*, 55 Id., 49.

II. Conceding that defendant is accountable for the money realized by him from the collaterals in excess of the amount of the note for the security of which **2. ASSIGNMENT for benefit of creditors : claim not filed: surplus in assignee's hands.** they were pledged, such excess should be treated as assets of the estate of which he is assignee; and, under the statute of assignments, (chapter 7, tit. 14, Code,) the creditors who have filed their claims in the assignment proceedings are entitled to have it applied in satisfaction of their debts, unless the other assets of the estate are sufficient for their payment. After the claims filed in the proceeding have been satisfied, a creditor who did file his claim could doubtless reach, by proper proceedings, any residue of the assets remaining in the hands

of the assignee.   Plaintiffs do not claim, however, that their claim was ever filed in the assignment proceeding; nor have they shown that the claims filed have been paid.   It is entirely clear, therefore, that they would not be entitled to any relief against the assignee, even if they had adopted the proper practice for obtaining the judgment they demand.

The judgment of the district court will be

AFFIRMED.