91  583
98  727
91  583
o115  325

### JAMES DAVIS v. ELI SEELEY, Appellant.

**Malicious Prosecution:** DAMAGES: PLEADING. It may be shown without special plea, on the question of mental anguish, that plaintiff, when arrested, had a dependent family, one of whom was sick and needed his attention.

2 SAME: EXEMPLARY DAMAGES may be recovered without special plea whenever malice is charged and proven.

SAME: EXCESSIVE BAIL BOND: TAXING COSTS TO PROSECUTOR. The fact that an excessive bail bond was required by the justice is inadmissible without proof that plaintiff induced its exaction, especially when bond was at once given; so is a record that the costs were taxed to the prosecuting witness.

6 **Verdict of Three Thousand Dollars Held Excessive.** Facts stated in opinion.

*Appeal from Lee District Court.*—HON. J. M. CASEY, Judge.

THURSDAY, OCTOBER 4, 1894.

ACTION for malicious prosecution. Trial to a jury. Verdict and judgment for plaintiff. Defendant appeals.—*Reversed.*

*W. B. Seeley, Casey & Stewart,* and *James C. Davis* for appellant.

*O. C. Herminghausen* and *A. H. Stutsman* for appellee.

KINNE, J.—I. Plaintiff was charged by defendant with having burned an unoccupied dwelling house, the property of defendant. Defendant caused an information to be filed charging plaintiff with the commission of the crime. He was arrested thereon, and, upon preliminary hearing before a justice of the peace, was

discharged. The plaintiff then instituted this suit against the defendant for malicious prosecution. On the trial, plaintiff, as a witness, was asked how much of a family he had, what the condition of his family was at the time; also as to having a crippled son, who was under medical treatment, and with whom he sat up nights. Defendant moved to exclude all of this evidence, as being incompetent, immaterial, and irrelevant; a motion being made to each item of evidence separately. The motions were overruled and exceptions taken. It is said that the only purpose of offering this testimony was to show special damages based upon an injury resulting to the plaintiff's family; that no such claim was made in the petition, and that it could not be entertained, even if pleaded. That this evidence was not admissible for the purpose above stated is clear. *Hampton v. Jones*, 58 Iowa, 319, 12 N. W. Rep. 276. And see, also, *Welch v. Jugenheimer*, 56 Iowa, 14, 8 N. W. Rep. 673; *Huggins v. Kavanagh*, 52 Iowa, 369, 3 N. W. Rep. 409; *Bunyan v. Loftus*, 90 Iowa, 122, 57 N. W. Rep. 687. We think, however, that this evidence was properly admitted. Mental pain and suffering is an element of actual or compensatory damages in this class of cases. *Parkhurst v. Masteller*, 57 Iowa, 480, 10 N. W. Rep. 864. Whatever may, then, legitimately tend to show the character and extent of such pain and anguish is clearly admissible. It needs no argument to show that one's mental condition may, and generally will, be affected more or less by his immediate surroundings. If, as in this case, a man is arrested and charged with a crime, and he has a family depending upon him for support, one of whom is sick and needing his care, it would be natural that such circumstances should tend to increase his mental anguish.

II. The court admitted in evidence the record of the examining magistrate made on the preliminary examination. Among other things contained therein was a record of the fixing the penalty of the bond at five thousand dollars, and of the order discharging the defendant in that proceeding. The purpose of introducing this record entry, so far as it concerned the bond, was evidently to show that the penalty of the bond was excessive, and therefore the damages should be increased. We do not find that the defendant herein was instrumental in inducing the justice to fix the penalty of the bond. He had no control over that matter. It was within the power of the justice to exact such a bond as he deemed just and proper, and, in the absence of a showing that he was by the defendant herein persuaded to demand a bond in an unreasonable sum, he can not be charged with responsibility for the act of the justice in that respect. Nor does it appear in this case that the amount fixed as a penalty in the bond could have added to the injury to the plaintiff, as he was never confined in jail, but immediately gave bond, and regained his liberty. *Montgomery v. Sutton*, 58 Iowa, 700, 12 N. W. Rep. 719.

The court erred in admitting so much of this record as pertained to the bond. This record of the justice was admissible for one purpose only,—to show the defendant's discharge. The instruction asked by the defendant, which directed the jury to consider this record only for the single purpose of establishing the fact that the plaintiff was acquitted of the charge made against him, should have been given, as the evidence was improper for any other purpose. There is a controversy as to whether or not that part of the record, which recited that the costs were taxed against the prosecuting witness, went to the jury, or was excluded. As the case must be reversed

for error in admitting the record relating to the bond, it is not essential that we determine the fact as to the record relating to costs. It would have been error to have admitted the record entry in so far as it related to the taxing of costs.

III. No claim for exemplary damages is made in the petition, and appellant insists that, under such a condition of the pleadings, it was error for the court to instruct the jury that such damages might be awarded. We have said that exemplary damages are not the subject of a claim in the sense that it is necessary to claim them in the petition in cases of this character. *Gustafson v. Wind*, 62 Iowa, 284, 17 N. W. Rep. 523. The petition in this case charges that the defendant, in causing the plaintiff to be arrested and prosecuted, did so maliciously. Now, in such case, where malice is charged, and the jury find it established by the evidence, they are warranted, under the instructions of the court, in allowing exemplary damages. Such damages arise from the malicious doing of the act. *Irwin v. Yeager*, 74 Iowa, 175, 37 N. W. Rep. 136; *Williamson v. Stage Co.*, 24 Iowa, 171; *Johnson v. Railway Co.*, 51 Iowa, 29, 50 N. W. Rep. 543; *Jones v. Marshall*, 56 Iowa, 739, 10 N. W. Rep. 264. It is not necessary to claim them in the petition. 1 Suth. Dam., section 422; *Railroad Co. v. Arnold*, 84 Ala. 159, 4 South. Rep. 364.

IV. Two special interrogatories were submitted to the jury. One of them asked the jury to find if defendant, believing there was sufficient cause for the prosecution, made a fair statement of the facts within his knowledge to an attorney before filing the information, and the other asked the jury if the attorney advised defendant that he had sufficient ground to file the information. Both were answered in the negative. The answer to the last interrogatory is claimed to be in conflict with the evidence, and we are satisfied the

claim is well founded. In fact, the evidence did not justify either answer given by the jury. The fact inquired about was of a determinative character. If found in the defendant's favor, it was a complete defense. The evidence was practically without conflict that defendant was advised that he had sufficient ground for filing the information. The answer shows that this important and uncontradicted evidence was ignored by the jury. Their answer shows an entire disregard of duty. As, for other reasons, the case must be reversed, we need give this matter no further consideration.

V.   We are asked to say that the verdict—three thousand dollars—is excessive. The actual amount expended by plaintiff and the value of time lost did not exceed one hundred dollars to one hundred and fifty dollars. He was not incarcerated. He was detained under arrest but a short time, while he was procuring bond. From his own testimony, it does not appear that he was much affected by the charge made and the arrest. The evidence very satisfactorily shows that he was a man of bad moral character, and that his reputation for truth and veracity was likewise bad. Surely, one possessing such a character and reputation could not be damaged to the extent that an upright man might be. In view of this entire record, the verdict is grossly excessive, so much so that it can not be accounted for, except upon the ground of passion or prejudice. For reasons given, the judgment below will be REVERSED.