BARNHARD MOELLER v. JOSEPH KARHOFF, JR., Appellant.

**Impeachment of Witness.** A witness who testifies positively that he did not make a given statement, may be impeached by showing that he has made such statements, although he first testified that he had no recollection of making such statements.

**Admission of Evidence: HARMLESS ERROR.** Admission of evidence as to the number of members of the family of plaintiff in an action for slander, the number living at home, and whether they were girls or boys, and that he was the head of the family, if error, is not prejudicial.

*Appeal from Lee District Court.*—HON. J. M. CASEY, Judge.

THURSDAY, OCTOBER 8, 1896.

THIS is an action for slander. It is charged that the defendant, about May 1, 1892, spoke the following words concerning the plaintiff: "Moellers stole my turkey." The defendant pleads that whatever he did speak concerning the plaintiff, was spoken in the year 1891, not in the year 1892, and that the action is barred. A trial was had to a jury, and a verdict returned for the plaintiff in the sum of sixty-two dollars and fifty cents, on which judgment was entered. Defendant appeals.—*Reversed.*

*O. C. Herminghausen* for appellant.

No appearance for appellee.

KINNE, J.—I. On the trial, plaintiff, as a witness, was, against defendant's objection, permitted to testify as to the number of members of his family, the number living at home, and whether they were boys or girls. Other testimony was given to the effect that

plaintiff was the head of a family. We need not determine whether this evidence was admissible, as, in any event, we are satisfied it worked no prejudice to the defendant. But see *Davis v. Seeley*, 91 Iowa, 583 (60 N. W. Rep. 183), and cases there cited.

II. Complaint is made that the court erred in excluding evidence which was offered to impeach one Pomberg, a witness for plaintiff. The ruling of the court seems to have been based upon the understanding that Pomberg had testified that he had no recollection of making the statement attributed to him. He once testified that he did not remember of making the statement inquired about, but afterwards positively stated that he did not make the statement. Under these circumstances, the impeaching evidence was proper, and should have been received. It is not necessary to discuss as to what the effect would have been had the witness adhered to his statement that he did not remember, because he afterwards abandoned that, and positively denied making the statement. This witness was the main one relied upon to establish plaintiff's case, and the rejection of the testimony was prejudicial error.

III. Error is assigned on the giving and refusal of certain instructions. We have examined these instructions, and think the rulings were proper. We cannot, in view of a retrial of the case, pass upon the weight of the evidence.

For the error pointed out, the judgment below is REVERSED.