G. E. HEAD, Appellant, v. JOHN HALE et al., Appellees.

PLEADING:   Reply—When Stricken.   A "reply" which neither responds to a counterclaim, nor avoids matter appearing in the answer, should be stricken on motion.

REPLEVIN:   Joinder of Causes—Conversion.   Replevin and conversion may not be joined.   Where plaintiff, without in any way

modifying his pending petition in replevin, pleaded, by way of amendment, a cause of action based on conversion, *held,* the latter pleading was properly stricken on motion.

*Appeal from Taylor District Court.*—THOMAS L. MAXWELL, Judge.

WEDNESDAY, OCTOBER 18, 1916.

THE petition states a cause of action in replevin, alleging ownership of a span of mules; that the cause of detention by defendant Hale was that he claimed to have sold the mules to collect an indebtedness of $30; and that defendant Dugan claimed to have bought of Hale. Prayer was for possession or value, as is usual in such cases. Hale answered that he agreed to trade the mules to plaintiff for a mare and $25; that, in pursuance thereof, he took the mare, but, as plaintiff failed to pay the $25, he rescinded the agreement and returned the mare, and subsequently sold the mules to Dugan, who denied knowledge of the alleged trade, but averred purchase from Hale and possession. A jury was impaneled, and, after the opening statements, counsel for plaintiff dismissed the action as to Dugan. Thereupon, the court, on motion of the latter, rendered judgment in his favor for the possession of the team. Counsel for plaintiff then reduced to writing the dismissal, stating, as the reason for so doing, that he had been informed that Dugan purchased the team without knowledge of plaintiff's claim thereto, and thereupon filed a reply, asserting "that, at the time the defendant Hale sold said mules to Dugan, the plaintiff was entitled to, and was the owner thereof, as against Hale, and entitled to the immediate possession thereof; and that by such sale the defendant Hale appropriated the plaintiff's property to his own use and converted it to his own use and benefit and deprived the plaintiff thereof; and that, at the time of said sale and conversion, the said mules were of actual value of $250; and that, by

such appropriation and sale, and such conversion, this plaintiff has been damaged in the sum of $100, no part of which has been paid." Defendant Hale moved to strike this reply, for that it asserted a separate and distinct cause of action for conversion, which could not be joined with an action for replevin. The court sustained the motion, treating the paper filed, "as he thinks the legal effect of it will be as an amendment, really, to the petition. But, however it may be treated, either as a reply or an amendment to the petition, the court thinks it should be stricken from the files, for the reason that it is an amendment or claim bringing into the case at this time, as action in detinue, in substance a claim for damage for conversion of the property." Judgment was then entered, awarding Dugan possession of the property, and in favor of Hale for costs. The plaintiff appeals.— *Affirmed.*

*Frank Wisdom,* for appellant.

*Flick & Flick,* for appellees.

LADD, J.—The petition stated a cause of action in replevin, in strict compliance with the requirements of Section 4163, Code, 1897. After dismissing the same as to Dugan, for that he had been informed that the latter had purchased the property without knowledge of his claim, he filed a reply, alleging, in substance, that the remaining defendant, Hale, had sold the mules to Dugan, who was entitled thereto as against Hale, and to the immediate possession thereof; and that thereby Hale had appropriated them to his own use; and that, at the time of such conversion, they were of the value of $200; wherefore he had been damaged in the sum of $100. Hale moved that this reply be stricken, for that it asserted a separate and distinct cause of action, which could not be set up in the reply nor joined in an action of replevin. This motion was sustained. That the matter

1. PLEADING: reply: when stricken.

pleaded was not appropriate for a reply cannot well be questioned. The function of a reply is to respond to a counterclaim, or to avoid matter set up in the answer. Sections 3576, 3577, Code, 1897; *League v. Ehmke,* 120 Iowa 464. Matters which are material only to the cause of action asserted in the petition may not be pleaded in the reply, nor is it permissible to plead a distinct cause of action in reply. *Marder v. Wright,* 70 Iowa 42. And a. reply averring matters of this kind, or the portion of it so doing, should be stricken on motion. *Hunt v. Johnston,* 105 Iowa 311. There was no error in striking the reply as such. But

2. REPLEVIN: joinder of causes: conversion.

the court appears to have treated it as though an amendment to the petition. If so regarded, the ruling must be approved; for Section 4164 of the Code declares that "there shall be no joinder of any cause of action not of the same kind" (replevin). The reply pleaded conversion and prayed for the recovery of damages suffered in consequence thereof, and manifestly set up a cause of action of different kind. The pleader did not withdraw or undertake to modify allegations of the petition, but made the averments of the reply in addition thereto. Whether petition may be so amended as to change the cause of action to one other than that of replevin is not involved on this appeal, for that was not undertaken. But see *Cox Shoe Co. v. Adams,* 105 Iowa 402. The inquiry is whether, having sued in replevin, he may add another cause of action, i. e., conversion, notwithstanding the prohibition by the statute of the "joinder of any cause of action not of the same kind." The district court rightly held that this might not be done, and its ruling is—*Affirmed.*

EVANS, C. J., GAYNOR and SALINGER, JJ., concur.